179 So. 38

## STATE ex rel. WOODS v. REGISTER OF STATE LAND OFFICE.

No. 34378.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

Norton L. Wisdom, Hugh H. Brister, and Gordon W. Goodbee, Jr., all of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Wade O. Martin, Jr., and Emmet Alpha, Sp. Asst. Attys. Gen., for appellee.

ODOM, Justice.

Mrs. Thomas J. Woods made application to redeem certain real estate which

was forfeited to the State of Louisiana in the year 1890 for the nonpayment of taxes due for the years 1888 and 1889. She alleged that she was the widow of Thomas J. Woods, who owned the lands prior to their forfeiture to the State, and that she desired to take advantage of the provisions of Act No. 161, page 530, of 1934, and redeem the lands. She tendered to the register of the State Land Office the amount necessary for the redemption and requested that a certificate be issued showing the redemption. She alleged that the register of the State Land Office refused to accept the tender and issue the certificate.

She brought this mandamus proceeding against the register of the State Land Office to compel her to accept the amount tendered and to issue the necessary certificate of redemption. She alleged that the title to the lands is now in the State of Louisiana.

The register of the State Land Office filed exceptions of no cause of action, vagueness, and nonjoinder of parties. Reserving her rights under these exceptions and pleas, she filed answer, denying relatrix' right to redeem the lands for the reason that title thereto had passed out of the State. The exceptions were referred to the merits, and, after trial, the demands of relatrix were rejected and her suit was dismissed. She appealed.

■ Counsel for relatrix argue that the exceptions and special pleas cannot be considered by this court on this appeal, for the reason that the district court did not pass on them but decided the case on its merits. Whether the trial judge intended to or did pass on the exceptions does not appear. But there is no merit in the argument made by counsel for relatrix, for the reason that the exceptions were argued by counsel and submitted to the court. The minutes show that "The exceptions were argued by counsel and submitted. The application for writ of mandamus was then taken up." The judgment itself recites that "all the preliminary defenses made by said respondent having been referred to the merits, to be tried therewith, and the whole case having been thus taken up with the petition of the relatrix, for trial at the same time; and the law and the evidence being in favor of Lucille May Grace, Register of the Land Office, and against the relatrix, Mrs. Thomas J. Woods, it is for those reasons, ordered, adjudged and decreed that the action of Mrs. Thomas J. Woods, relatrix herein, be, and the same is hereby dismissed and rejected."

If, as counsel for relatrix say, the judge did not rule on the exceptions, it cannot be said that counsel for the defendant were at fault. They filed, argued, and submitted them. That was all they could do. Under the circumstances, the exceptions are before us.

■ The exception of no cause of action was unquestionably good. Act No. 161, page 530, of 1934, provides that any owner or other person interested personally as heir, legatee, or creditor, except a judgment creditor of the owner, in any lots or lands adjudicated to the state or any of its political subdivisions prior to

the date of the act, may redeem such lands upon the payment of the amount of actual taxes for which said lots or lands were adjudicated, as long as title to such property is in the State, if the State has not bargained to sell or dispose of it; and that, upon compliance of the requisites of the act by such former owner, etc., a certificate showing such redemption should be issued by the register of the State Land Office.

But Mrs. Woods, the relatrix, did not allege that she owned the land. She merely alleged that she was the widow of Thomas J. Woods, the record owner thereof at the time of its forfeiture. She did not allege that the property was acquired after she and her husband were married or that she had inherited any interest therein or acquired such interest as legatee or otherwise. She merely alleged that she was the widow of Thomas J. Woods.

Under the law, a wife does not inherit from her husband except under conditions specifically set out in article 915 of the Revised Civil Code, and from her petition it cannot be inferred that she comes within the provisions of that article. Her petition therefore does not show either that she owns the land or that she is interested therein personally as heir, legatee, or creditor.

■ However, there was certain testimony admitted in evidence without objection which so enlarged the pleading as to save her cause of action. As a witness, she testified that she was married to Thomas J. Woods in 1881, and the rec-

ord shows that Thomas J. Woods acquired the property in 1884. Article 2405 of the Revised Civil Code says that "At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains," etc. Under this presumption, relatrix has a community interest in the property and therefore is entitled to take advantage of the provisions of Act No. 161 of 1934.

■ The exception of nonjoinder of parties filed by the register of the State Land Office is well founded and must be sustained. The petition shows that the property involved is in the Atchafalaya Basin Levee District, created by Act No. 97 of 1890, under which act all lands within that district which had been previously forfeited to the State for the nonpayment of taxes were granted to the levee district for certain purposes. Under section 11 of that act, it was made "the duty of the Auditor and the Register of the State Land Office on behalf of and in the name of the State, to convey to the said Board of Levee Commissioners, by proper instruments of conveyance the lands hereby granted or intended to be granted and conveyed to said board, whenever from time to time said Auditor and said Register of the State Land Office, or either of them, shall be requested to do so by said Board of Levee Commissioners, or by the president thereof."

It is alleged by relatrix and shown by exhibits that, on December 29, 1891, O. B. Steele, then state auditor, made a formal transfer of these lands to the Atcha-

falaya Basin Levee District. But the register of the State Land Office did not join the auditor in that transfer, as required by section 11, Act No. 97 of 1890. For that reason the act of transfer signed by the auditor did not have the effect of vesting in the levee board perfect title to the lands, according to the ruling of this court in the case of State v. Cross Lake Shooting & Fishing Club, 123 La. 208, 48 So. 891, and other cases which might be cited.

Relatrix in her petition refers to Act No. 316 of 1926, which, according to its title, is an act "to ratify, quiet and confirm certain informally executed transfers of land from the State of Louisiana to the Atchafalaya Basin Levee District" and to other levee districts of the State. The act makes special mention of those instruments signed by only one of the officers mentioned in section 11, Act No. 97 of 1890, and provides that title conveyed by instruments signed by only one of such officers is "hereby ratified, quieted and confirmed, the same as if all such deeds had been signed by both the Auditor and Register of the State Land Office of this State."

Plaintiff's petition therefore affirmatively shows that the State was not vested with title to these lands on the date she made application to redeem them. On the face of the petition of relatrix, the documents introduced, and the acts of the Legislature cited, the Atchafalaya Basin Levee District and one Charles A. Burkett have outstanding titles to the lands involved.

Plaintiff alleges that a portion of the land which she claims the right to redeem was conveyed by quitclaim to the heirs of Charles A. Burkett by the register of the State Land Office on August 22, 1934, the register being authorized to convey said lands by Act No. 99 of 1934. Relatrix, however, attacks the constitutionality of both Act No. 316 of 1926 and Act No. 99 of 1934. It is alleged that these acts are unconstitutional, null, and void, because they violate certain provisions of the State Constitution, which she names; and it is argued that, inasmuch as these acts are unconstitutional, title to the lands is now vested in the State.

We express no opinion as to the validity or invalidity of those acts of the Legislature. But certain it is that the Atchafalaya Basin Levee District and the heirs of Charles A. Burkett are vitally interested in the results of this proceeding and have a right to be heard. But neither was made a party to the proceedings brought by relatrix, and it is for that reason that the State, through the register of the State Land Office, filed the exception of nonjoinder. The exception, we think, is good and must be sustained.

The case of State ex rel. Goodloe v. Lanier, Register of the State Land Office, 47 La.Ann. 568, 17 So. 130, is directly in point. In that case, Goodloe applied to the register to purchase certain State lands and made a tender of the price. The register refused the application to purchase the lands on the ground that, by section 12, Act No. 95 of 1890, the title was vested in the Pontchartrain Levee District. The court upheld the register, saying:

"It is not the duty of the register of the land office to issue patents to lands thus transferred. The ministerial functions of the defendant ceased after the lands had been listed in accordance with the terms of Act 95 of 1890.

"Mandamus does not lie unless the character of the act is ministerial, and imposed by law. The legislative will has withdrawn from him the authority to sell the property. He cannot treat the statute as an absolute nullity. There is, at least, a collateral issue. The lands are held by a corporation organized to carry into effect public improvements. The questions involved are disputed, and require legal controversy for their settlement contradictorily with parties in interest. Courts will not, in a mandamus proceeding, undertake to decide collateral disputed questions without giving interested parties opportunity to be heard."

In the case of Heirs of Burney v. Ludeling, 41 La.Ann. 627, 6 So. 248, 251, the court said:

"It is elementary that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing."

See 47 Corpus Juris, p. 16, § 10.

The register of the State Land Office could not ignore the acts of the Legislature attacked by relatrix, because all acts are presumed to be constitutional. We are asked by relatrix to hold that these acts are unconstitutional, and it is argued by counsel for relatrix that such a holding will vitally affect the title to these lands. If that is true, certainly the Atchafalaya Basin Levee District and the heirs of Burkett have a very material interest in the outcome of this litigation. Therefore they must be afforded an opportunity to be heard.

For the reasons assigned, the exception of nonjoinder filed by the register is sustained, and the suit of relatrix is dismissed at her cost.

PONDER, J., recused.