PONDER, Justice.
 

 The plaintiff, Lorin Wall, a citizen and taxpayer of Livingston Parish, brought suit
 
 *991
 
 s'eeking to have Act 111 of 1942, an act creating the Department of Finance and its various functions, declared unconstitutional and to enjoin the expenditure of funds appropriated thereunder and other •funds being used to carry out the provisions of the Act. A rule was issued ordering the defendants, Martin L. Close, Director of Finance, and others, to show cause why a preliminary injunction should not issue against the defendants enjoining them from expending the funds. When the rule was tried, the lower court was of the opinion that Act 111 of 1942 was unconstitutional and granted the preliminary injunction. The defendants then asked for a suspensive appeal which was refused by the lower court. Upon application to this Court, the defendants were granted a suspensive appeal. After the appeal was lodged in this Court, the plaintiff moved to dismiss the appeal. The motion to dismiss the appeal is now submitted for our determination.
 

 This Court granted the suspensive appeal under the authority of Act 29 of 1924; Act IS of the 2nd Extraordinary Session of 1934, and Act 132 of 1942 without bond.
 

 The pertinent provision of Act 29 of 1924, Section 5, reads as follows:
 

 “No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree; provided, however, that after reasonable notice given to plaintiff’s attorney of record of the time and place at which, and the court to which application will be made, the court may, in its discretion, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction, and may, in its discretion, also stay further proceedings in the cause until the appeal has been decided, upon the party appealing giving bond with surety or sureties, in such sum as the court may fix as sufficient for the protection of the opposite party, or other party in interest in his damages and costs, and conditioned for the payment of all damages and costs sustained by such opposite party,, or other party in interest by reason of the-suspension of such order by such appeal;
 
 or if in such case a suspensive appeal be-refused by the lower .court, the Appellate Court having jurisdiction, or any judge-thereof, may, in like circumstances and under like conditions, allow the same in aid' of its appellate jurisdiction;
 
 provided further that any appeal, devolutive or suspensive, must be taken and bond furnished within ten days from entry of such order or decree, and such appeal shall have precedence in the Appellate Court,
 
 but the proceedings in other respects in the court below shall not be stayed during the pendency of such appeal, unless otherwise ordered.' by the court granting the same.”
 

 Act IS of the 2nd. Extraordinary Session of 1934 provides as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That in any case where.
 
 *993
 
 any district court of the State has granted any restraining order, preliminary injunction, permanent injunction, or other process which may restrain the execution or enforcement of any provision of the Constitution or of any act, law or resolution of the Legislature of Louisiana, the defendant or defendants or any person or persons affected thereby, may suspensively appeal said order or judgment to the court of competent appellate jurisdiction.
 

 “Section 2. Such suspensive appeal, in the case of any officer, board, commission or Department of the State government, or any political subdivision thereof, shall be without bond.”
 

 Act 132 of 1942 provides as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That, hereafter, no court of the State of Louisiana shall have jurisdiction to issue, or cause to be issued, any temporary restraining order against any officer of the State of Louisiana or any board or commission of the State of Louisiana in any -suit involving the expenditure of public funds under any statute of this State, which authorizes the expenditure of such funds * * *; but, in such cases, after hearing, preliminary writs of injunction may issue, and from the order or judgment directing the issuance of the same, such officers, boards and commissions shall have the right of suspensive appeal without bond and as a matter of right.”
 

 Plaintiff contends that the appeal should be dismissed for the reason that it has the effect of permitting the defendants to continue expending public funds in violation of the Constitution and the laws of Louisiana.
 

 Under the provisions of Section 5 of Act 29 of 1924, this Court may in its discretion grant a suspensive appeal. The defendants are entitled to a suspensive appeal as a matter of right under the provisions of Act 15 of the 2nd E.S. of 1934 and Act 132 of 1942.
 

 Legislative acts are entitled to great respect and are presumed to be constitutional until declared unconstitutional by the final decisions of the courts. State ex rel. Woods v. Register of State Land Office, 189 La. 69, 179 So. 38; State ex rel. Porterie v. Smith, 182 La. 662, 162 So. 413; Walmsley v. O’Hara, 182 La. 213, 161 So. 587; State ex rel. Porterie v. Jones, 181 La. 390, 159 So. 594; State v. Rose, 125 La. 462, 51 So. 496, 26 L.R.A.,N.S„ 821; Duffy v. New Orleans, 49 La.Ann. 114, 21 So. 179; State ex rel. Fortier v. Capdevielle, 104 La. 561, 29 So. 215; City of New Orleans v. Robira, 42 La.Ann. 1098, 8 So. 402, 11 L.R.A. 141.
 

 The appeal in this case was granted under the authority of the three aforementioned acts which have never been, declared unconstitutional by final decisions of the courts. They must be presumed constitutional until they are declared otherwise by final decisions of the courts.
 

 This Court cannot for the same reason give an unconstitutional effect to Act 111 of 1942 at this stage of the proceedings.
 

 The plaintiff contends that Act 15 of the 2nd E.S. of 1934 and Act 132 of 1942 are
 
 *995
 
 unconstitutional insofar as they authorize a suspensive appeal for the reason that the granting of a suspensive appeal by this Court negates the constitutional power and authority of the district courts to issue all needful writs, orders and processes in aid of their original jurisdiction in violation of Section 2 of Article VII of the Constitution.
 

 Section 2 of Article VII of the Constitution provides:
 

 “The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the State including judges of the Civil and Criminal District Courts in the Parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions ; and may also in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, and where any of said writs are refused, the appellate courts shall indicate the reasons therefor.”
 

 The only authority cited by the plaintiff in support of this contention is the above constitutional provision. From a mere reading of this provision of the Constitution, it is apparent that it grants authority to the district courts throughout the State to issue all needful writs, orders and processes in aid of their “original jurisdiction,” but it is equally apparent that the authority is granted to this Court to issue all needful writs, orders and processes in aid of its “appellate jurisdiction.”
 

 The acts complained of do not prevent the district courts from issuing needful writs, orders and processes in aid of their “original jurisdiction.” In fact, they recognize the authority of the district courts to issue such writs, orders and processes, but also provide that the aggrieved party shall have a suspensive appeal as a matter of right in order that the appellate court may review the proceedings and determine whether the preliminary injunction was properly issued.
 

 The purpose of Act 15 of the 2nd E. S. of 1934 is to prevent the district courts from restraining the execution or enforcement of any provision of the Constitution or any act, law or resolution of the Legislature until it is declared invalid or unconstitutional by final decisions of the courts.
 

 The purpose of Act 132 of 1942 is to prevent the restraining of the expenditure of public funds under a statute, attacked as unconstitutional, authorizing the expenditure of such funds, until the act is declared unconstitutional by the final decisions of the courts.
 

 It is well recognized in this State that an act of the Legislature must be respected and obeyed until it is declared unconstitutional by a final decision of the courts. State ex rel. Woods v. Register of State Land Office, supra; State ex rel. Porterie v. Smith, supra; Walmsley v. O’Hara, supra; State ex rel. Porterie v. Jones, supra.
 

 
 *997
 
 Under the provisions of the constitutional article, Section 2 of Article VII, this Court may issue any needful order that it deems necessary. Since the defendants are entitled to a suspensive appeal to this Court as a matter of right, the granting of the suspensive appeal by this Court, after it had been refused by the lower court, is certainly a needful order as contemplated by this provision of the Constitution. Moreover, it would entail unnecessary delay to resort to the supervisory writs and rule nisi to grant the relief that the defendants are entitled to as a matter of right under the mandatory provisions of law.
 

 The plaintiff contends that Act 15 of the 2nd E.S. of 1934 and Act 132 of 1942 are unconstitutional for the reason that the granting of a suspensive appeal serves to nullify the judgment and discretion of the district court to grant a preliminary injunction; whereas, under the express provisions of Act 29 of 1924, the granting or refusing to grant a suspensive appeal from a judgment ordering the issuance of a preliminary injunction is left to the discretion of the trial judge.
 

 A statute cannot be unconstitutional because of its conflicting with an earlier statute, for to hold otherwise would be to make the earlier statute irrepealable. Cooley, Constitutional Limitations, 8th Ed., pp. 246, 247; Moore v. City of New Orleans, 32 La.Ann. 726; State ex rel. Southern Bank v. Pilsbury, 31 La.Ann. 1.
 

 Moreover, the provisions of the two aforfementioned acts under which the defendants are given a suspensive appeal as a matter of right do not, in our opinion, conflict with the provisions of Act 29 of 1924 for the reason that even under that Act this Court may allow a suspensive appeal in the aid of its appellate jurisdiction when such has been refused by the lower court. The only difference between the later Acts, Act 15 of the 2nd E.S. of 1934 and Act 132 of 1942, and the Act relied upon in this respect is that the later Acts make the granting of a suspensive appeal in cases of this nature mandatory.
 

 The plaintiff contends that Act 15 of the 2nd E.S. of 1934 and Act 132 of 1942 violate Par. 4 of Section 35 of Article VII of the Constitution. This section reads as follows:
 

 Paragraph 4. “They shall have unlimited and exclusive original jurisdiction in all criminal cases, except such as may be vested in other courts authorized' by this Constitution; and in all probate and succession matters, and where the State, a parish, municipal, or other political corporation, or a succession, is a party defendant, regardless of the amount in dispute; and in all proceedings for the appointment of receivers or liquidators to corporations or partnerships, and may require bonds to keep the peace.”
 

 This provision of the Constitution relied on does not give the district court unlimited and exclusive jurisdiction over the cases mentioned therein but only the unlimited and exclusive “original” jurisdiction. The granting of a suspensive appeal in aid of appellate jurisdiction is in no way an interference with the original jurisdiction in the case. It merely grants the
 
 *999
 
 defendants the right of review on appeal under the express provisions of the law.
 

 The plaintiff contends that the granting of the suspensive appeal serves as a denial to him of the equal protection of the laws and abridges his privileges and immunities as a citizen of the United States in violation of the 14th Amendment of the Federal Constitution for the reason that the suspensive appeal permits the further expenditure of public funds to which the plaintiff contributes under a statute decreed invalid by the district court; and the expenditure of the funds constitutes the taking of property without due process of law to plaintiff’s irreparable injury since the funds so expended cannot be recovered.
 

 The plaintiff has favored us with no authorities to support this contention. We are at a loss to see how the plaintiff has been denied the equal protection of the laws, or that his privileges and immunities as a citizen have been abridged, or that his property has been taken without due process of law.
 

 Under the statutes aforementioned, the same law or course of procedure applies to any other person in the State obtaining a preliminary injunction in a similar suit. The statutes affect alike all persons similarly situated. Such being the case, there is no denial of the equal protection of the laws. State v. Guirlando, 152 La. 570, 93 So. 796; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; City of New Orleans v. Schick, 167 La. 674, 120 So. 47.
 

 The plaintiff is under the impression that the granting of the suspensive appeal denies him due process of law.
 

 “ * * * The procedure by which rights may be enforced and wrongs remedied is peculiarly a subject of state regulation and control.” Hardware Dealers’ Mut. Fire Ins. Co. v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 71, 76 L.Ed. 214.
 

 The states are not prevented by the Federal Constitution from determining by what process legal rights may be asserted or legal obligations enforced, provided that due notice is given and an opportunity to be heard. No one has a vested right in any given mode of procedure. Gelfert v. National City Bank, 313 U.S. 221, 61 S.Ct. 898, 85 L.Ed. 1299, 133 A.L.R. 1467; Hardware Dealers’ Mut. Fire Ins. Co. v. Glidden Co., supra; Cooley, Constitutional Limitations, 8th Ed., 754, 755.
 

 The plaintiff contends that the granting of the suspensive appeal operates as a denial of his legal rights in violation of Section 6 of Article I of the Constitution of this State. This section reads as follows:
 

 “All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.”
 

 We are favored with no authority to support this contention. The plaintiff has not been denied the privilege of asserting his rights in the courts or denied the remedy the law affords.
 

 
 *1001
 
 The plaintiff contends that this Court had no authority to grant the suspensive appeal for the reason that o'nly the district court has authority to grant such appeal under the provisions of Act 15 of the 2nd E.S. of 1934 and Act 132 of 1942.
 

 This question is disposed of in our prior discussion of the right of this Court to grant the suspensive appeal herein.
 

 The plaintiff contends in the alternative that this Court may grant a suspensive appeal in aid of its appellate jurisdiction under the provisions of Act 29 of 1924 where a district court has issued a preliminary injunction, but that the proceedings in other respects in the court below are not stayed during the pendency of the appeal unless otherwise ordered by the court granting it. In other words, the granting of the suspensive appeal did not operate as a stay of proceedings in the district court. It is suggested that the defendants are continuing to expend the public funds during the pendency of the appeal.
 

 Having arrived at the conclusion that the Acts complained of are constitutional, there can be no merit in this contention. The plaintiff is relying on Section 5 of Act 29 of 1924 in support of this contention. The words, “proceedings in other respects in the court below,” clearly do not have reference to the injunction because it is stated, “the proceedings in other respects.” But be that as it may, a reading of the later acts quoted above clearly shows that it was the intention of the Legislature to prevent the restraining or enforcement of any provision of the Constitution or Act of the Legislature until the provision of the Constitution or Act of the Legislature was found to be invalid or unconstitutional by the final decision of the courts.
 

 In the further alternative, the plaintiff contends that Act 132 of 1942 cannot be considered in this case for the reason that this Act was not effective and operative until noon July 29, 1942, after and subsequent to the issuance of the preliminary injunction issued by the district court, under the provisions of Section 27 of Article III of the Constitution.
 

 The Act complained of is a remedial statute relating to procedure. Moreover, there would be no necessity for this Court to go into a lengthy discussion of this question for the reason that this Court has ample authority under the provisions of Act 15 of the 2nd. Extraordinary Session of 1934 to grant the suspensive appeal.
 

 For the reasons assigned, the motion is denied.
 

 ROGERS, J., absent.