59 So.2d 449

**DOLL v. CITY OF NEW ORLEANS.**

·No. 40319.

April 28, 1952.
Rehearing Denied June 2, 1952.

Delvaille H. Théard, New Orleans, for plaintiff-relator.

J. S. Derbes, Asst. City Atty., New Orleans, for defendant-respondent.

PONDER, Justice.

The plaintiff brought suit against the defendant, in the First City Court of New Orleans, Section "C", seeking to recover $96 with legal interest for money collected as rent through error by the city. The defendant interposed the plea of prescription of three years and a plea of nonjoinder of parties based on the ground that the tenants who erroneously paid rent to the city were necessary parties as plaintiff or defendant. On trial, the judge of the city court gave judgment in favor of the plaintiff and the defendant appealed. On appeal, the Court of Appeal, Parish of Orleans, reversed the judgment and dismissed plaintiff's suit. A rehearing was refused and the plaintiff applied for and was granted a review.

The plaintiff acquired the premises at 477–479 Abadie Street, in the City of New Orleans, under the provisions of Act No. 237 of 1924, LSA–R.S. 47:2189, 47:2190, on March 1, 1947. The property had previously been adjudicated to the state for nonpayment of taxes. Prior to that time the property had been adjudicated to the city for nonpayment of taxes and the city had been placed in possession and had collected monthly rentals, which were applied to payment of delinquent taxes. On April 30, 1947, the city was advised that the plaintiff had acquired the property and there was remitted to the city $118.34, the amount remaining out of the proceeds of the sale of the property after the payment of the state taxes. The city accepted the remittance and canceled all unpaid and delinquent taxes. Through error, one of the departments of the city collected rent from the property for a period of six months, beginning March 1st and ending August 30th, 1947, in the amount of $96. The present suit was instituted in the city court on October 27, 1950, more than three years after the money was collected.

The plaintiff contends that the appellate court erred in holding that he, the true owner, had no right to recover the rents collected by the city and erred in holding that the tenants might claim from the city in the future, when the tenants by their possession of the leased premises had received full consideration for what they had paid the city. In support of his contention he cites authorities to the effect that rent

belongs to the owner of the property; that one who has the money of another is required by law to surrender it to the owner; and that the true owner is entitled to recover the rents which have been received by another.

The city admits that it had no authority to collect the money and that it does not own it. The city expresses its willingness to pay the money to the tenants from whom it was received or the plaintiff, provided he obtains a quitclaim or a release from the tenants. The city takes the position that should it be required to pay the money to the plaintiff that the tenants might also have a claim for reimbursement.

We have examined the authorities cited by the plaintiff and find that they relate to substantive law. The question here presented is procedural. "Every party who may be affected by a decree must be made a party to a suit." Succession of Todd, 165 La. 453, 115 So. 653, 655; State ex rel. Woods v. Register of State Land Office, 189 La. 69, 179 So. 38; Sanders v. Flowers, 218 La. 472, 49 So.2d 858, 865. We pointed out in the Flowers case that the "test as to whether one should be made a party defendant in a given case relates to the interest which he may have in the outcome of the suit and how he would be affected by the judgment to be rendered."

There was no privity between the city and the plaintiff. The city did not receive the money for the account of the plaintiff. Any judgment rendered in this case would not be binding on the tenants or preclude them from proceeding against the city for reimbursement. Insofar as the city is concerned the money is the property of the tenants until it is established that the plaintiff is entitled to it. The ownership of the money cannot be determined except by contradictory proceedings with the tenants. The rent could have been paid to both parties or the tenants may be entitled to it for some other cause. The ownership of the money could only be determined and binding if all the parties were before the court.

It is suggested that the plaintiff is entitled to recover under the provisions of Articles 2140 and 2145, R.C.C. As pointed out heretofore the substantive law, applicable in determining the ownership of the money, is an entirely different matter than the procedural question of who are necessary parties to the suit.

For the reasons assigned, the judgment is affirmed at plaintiff's cost.

HAWTHORNE, Justice (dissenting).

It is my opinion that the tenants were not affected in any way by the judgment of the city court, and, therefore, that they are not necessary parties to this suit. It is my opinion also that the judgment rendered by the city court would be a complete defense for the City if the tenants attempted to recover their rent money from it.

For these reasons I respectfully dissent.

MOISE, Justice (dissenting).

I cannot subscribe to the views expressed by the majority opinion of the court because under the public policy of the State the court is to restrict litigation. This is an action wherein the City of New Orleans erroneously collected rent due from certain tenants. The City had been the former owner of the premises. The property was acquired by the plaintiff Dolls. The Dolls brought this action for the amounts of the rents paid erroneously by the tenants of their property to the City of New Orleans. I cannot, therefore, presume that these tenants who actually occupied the premises and paid therefor to the City of New Orleans, who they thought was the real owner of the property, made any payments not due and owing, nor were they made by one who had not occupied the property. A litigant must have an interest to pursue, Article 15, Code of Practice, and this interest must not be based on probabilities or possibilities.

**59 So.2d 451**
**WILSON v. CALVIN.**
No. 40398.
April 28, 1952.
Rehearing Denied June 2, 1952.