74 So.2d 205

GUILLOT v. NUNEZ.

In re GREVENBERG.

No. 41571.

Nov. 27, 1953.

Claude W. Duke, New Orleans, for respondents.

Elven E. Ponder, Baton Rouge, for relator.

PER CURIAM.

Relator, having been restrained by the Twenty Fifth Judicial District Court for the Parish of St. Bernard from destroying two certain slot machines, allegedly owned by one Willard F. Guillot, is seeking an order commanding the judge to grant him a suspensive appeal to this court. On relator's motion, the judge granted a devolutive appeal without bond but denied a suspensive appeal on the ground that it would afford relator the power of destroying the machines before this court would have opportunity to hear and determine the issues of law involved in the case. Relator, however, invoking the provisions of LSA–R.S. 13:4431 (formerly Section 1 of Act 15 of the Second Extra Session of 1934), insists that he is entitled to a suspensive appeal as a matter of right.

That statute, which declares, in substance, that all officers who have been restrained by any district court from executing or enforcing any provision of the Constitution or laws of this State "may suspensively appeal the order or judgment to the court of competent appellate jurisdiction", has been held constitutional and it has also been decided that it applies even in cases where the district court has declared a legislative act to be invalid. See Wall v. Close, 201 La. 986, 10 So.2d 779. However, whereas the provisions of the statute are couched in sweeping language, we do not think that they were ever intended to apply to a case such as this, where the granting of a suspensive appeal would have the effect of restoring to relator the right of destroying the articles which are the subject of the suit during its pendency on appeal and, thus, render the issue moot before it can be heard in the appellate court. To hold otherwise might produce unconstitutional results and perhaps affect the validity of the law which, in our opinion, was passed for the purpose of preventing interference by the lower courts,

through the process of injunction, with the performance by public officers of those duties imposed upon them by law for the necessary maintenance and operations of government and of their offices until such time as this court had an opportunity of finally disposing of the matter.

In the case at bar, while Act 231 of 1928, LSA–R.S. 15:26.1, makes it the mandatory duty of all State officers to immediately confiscate and destroy gambling devices known as slot machines, State v. Ricks, 215 La. 602, 41 So.2d 232, the restraint of relator from performing that obligation during the pendency of the appeal in this case, wherein the constitutionality of the statute has been challenged, is not such an interference with relator in the pursuance of his duties as to affect the orderly operation of his office and, therefore, does not warrant the application of LSA–R.S. 13:4431.

The respondent judge, in his answer to relator's application, declares that he denied a suspensive appeal because he felt that to grant it would have subjected the property in question to destruction by relator before the case could be heard in this court. The judge has informed us that he has not and will not authorize the delivery of the slot machines to the plaintiff in suit and has ordered the Clerk of Court to retain them in his possession until the issue is finally decided on appeal, thereby pre-

serving the status quo. Our refusal of relief to relator is predicated on this assurance.

It is therefore ordered that the application be denied.