**74 So.2d 380**

**HIRT v. CITY OF NEW ORLEANS et al.**

**In re CITY OF NEW ORLEANS et al.**

No. 41601.

Dec. 11, 1953.

Henry B. Curtis, City Atty., Alvin J. Liska, Asst. City Atty., Cicero C. Sessions, and Robert R. Rainold, New Orleans, La., for relator.

Robert Weinstein, New Orleans, for respondents.

## PER CURIAM.

In this proceeding the plaintiff seeks to have the Mayor and the members of the Commission Council of the City of New Orleans restrained and enjoined from appropriating or expending any funds or exercising any functions whatsoever pursuant to, or under Section 5 of the City Charter of the City of New Orleans in connection with an investigation and hearings by the Commission Council relative to the Police Department of the City of New Orleans.

Section 5 of the City Charter referred to is part of the Legislative Act of the State of Louisiana, Act No. 338 of 1936, LSA– R.S. 13:2491 et seq., under which the City Charter of the City of New Orleans was granted.

On the petition for injunction having been presented to him the District Judge, on November 27, 1953 issued an order for a rule to show cause why a temporary restraining order should not be issued, immediately, and without hearing, the return date thereof having been fixed as of December 1, 1953. Plaintiff's demand for the injunction was based on his alleged unconstitutionality of Section 5 of the City Charter under which the investigation was being conducted.

The City of New Orleans, through its Mayor and Members of the Commission Council filed an exception of no right or cause of action to the plaintiff's petition and in the meantime members of a so-called "Citizens Investigating Committee" which had been created and were acting pursuant to an ordinance adopted by the Commission Council of the City of New Orleans to conduct the said investigation sought to be enjoined, intervened in the proceeding and prayed that all the claims and demands of the plaintiff be denied and rejected.

The exception of no right or cause of action filed on behalf of the City of New Orleans having been overruled, answer was then filed by that defendant asking for the dismissal of plaintiff's suit. The consti-

tutionality of the assailed section of the city Charter was thus put directly at issue.

On December 1, 1953 after hearing on the application for a preliminary injunction judgment was rendered in favor of the plaintiff, the Court ordering a preliminary injunction to issue and upon plaintiff furnishing bond in the sum of $500 in accordance with law.

Writs were applied for to this Court by the City of New Orleans but were refused because the applicant had failed to comply with the provisions of certain rules of this Court regulating such matters.

Thereupon the City of New Orleans and the intervenors filed motions in the District Court for a suspensive appeal from the ruling of the trial judge which were denied by him and the matter now comes back to this Court on a new application for writs of certiorari in which this Court is asked to order and command the district judge to send forthwith the original record in this cause to this Court for review of the judgment and rulings rendered by him and to prohibit him from proceeding further in the cause until judgment shall have been pronounced herein on the regularity of the proceedings. The relator further prays that the said district judge, and the plaintiff in the suit, be ordered to show cause why this Court should not order and command the respondent judge to grant a suspensive appeal in the premises or, in the

alternative, why this Court itself should not grant a suspensive appeal in this case.

The applicants for the writ predicate their demand and their right to a suspensive appeal on the provisions of Act No. 15 of the Second Extraordinary Session of 1934, LSA–R.S. 13:4431, 13:4432, which provides as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That in any case where any district court of the State has granted any restraining order, preliminary injunction, permanent injunction, or other process which may restrain the execution or enforcement of any provision of the Constitution or of any act, law or resolution of the Legislature of Louisiana, the defendant or defendants or any person or persons affected thereby, may suspensively appeal said order or judgment to the court of competent appellate jurisdiction.

"Section 2. Such suspensive appeal, in the case of any officer, board, commission or Department of the State government, or any political subdivision thereof, shall be without bond."

The learned district judge, in his written reasons for denying the appeal apparently realized the import of that statute and the force which has been given to it in the case of Wall v. Close, 201 La. 986, 10 So.2d 779, 783, wherein it is stated:

"The purpose of Act [No.] 15 of the 2nd E.S. of 1934 is to prevent the

district courts from restraining the execution or enforcement of any provision of the Constitution or any act, law or resolution of the Legislature until it is declared invalid or unconstitutional by final decisions of the courts."

The district judge, however, states that where a Court has held, as he did in this case, that the Commission Council is in effect setting itself up as a Grand Jury, the granting of a suspensive appeal would have the effect of permitting the Council to resume the investigation which has been enjoined with a result that the question, when heard in the Supreme Court, would be moot. He then refers to a modification of the writ of injunction granted under his order on December 4, 1953 which in effect, he seems to think would permit the City Council to accomplish the purpose of the investigation in some other manner and would therefore not lose the benefit of the work so far performed, further functioning being merely suspended until the suit is finally decided by this Court. All of that, however, is beside the issue that is involved in the present application which is whether or not under the provisions of the Act of the Legislature of the Extra Session of 1934, just quoted, the applicants are entitled to a suspensive appeal as a matter of right.

Plaintiff, through his attorneys has filed an opposition to the granting of the writ or the granting of the suspensive appeal by this Court, basing his opposition very strongly on a ruling made by this Court as recently as November 27, 1953, in the case of Guillot v. Nunez, 225 La. 1035, 74 So.2d 205. The district judge also relied upon that ruling in support of his denial of the suspensive appeal. In the cited case, an application like that in the present case, was presented to this Court for a writ of suspensive appeal from the refusal of the district judge to have granted one after having enjoined and restrained the destruction or delivery to the Superintendent of State Police of two certain slot machines and this Court did deny the application.

It becomes necessary to explain the ruling in that case because the situation that was involved was different from the situation that exists in the present case.

As is shown in the Per Curiam handed down in that case the Court gave full import to the provisions of LSA–R.S. 13:4431, formerly Section 1 of Act No. 15 of the Second Extra Session of 1934, and also to the substance of the decision in Wall v. Close, supra. However, the Per Curiam states very positively that whereas the provisions of the statute are couched in sweeping language, they were not intended to apply in a case where the granting of a suspensive appeal would have the effect of restoring to a relator the right of destroying the articles which are the subject of the suit during the pendency of the suit, on appeal, and thus render the issue moot before it can be heard in the

appellate court. As indicated, the object of the suit in that case was to prevent the destroying of the relator's property which was two slot machines, and even though the slot machines may have been contraband, he had a right to call them his property, and prevent their destruction until the constitutionality of the law under which their destruction was sought could be passed upon and declared by this Court. As also stated in the Per Curiam, the statute of 1934 granting the right to a suspensive appeal was passed for the purpose of preventing the lower court from interfering by way of injunction with the performance by police officers, of those duties imposed upon them by law for the necessary maintenance and operation of government and of their offices until such time as this Court would have an opportunity of finally disposing of the matter; and it was held that in that case, while an act of the Legislature made it a mandatory duty for all state officers to confiscate and destroy slot machines, the restraint from the performance of their duty during the pending of the appeal wherein the constitutionality of the statute had been challenged, was not such an interference with the officer in the performance of his duties as to affect the orderly operation of his office.

■ In the case presently before us, no property of any kind is involved and the object of the suit is purely one to have the City Council restrained from the performance of duties which it contends it has the right, under its charter, to perform, it being a duty imposed by law for the necessary maintenance and operation of the government of the City. Until such time as this Court will have finally passed upon the question of the constitutionality of that section of the City Charter, the lower Court has no right to prevent the investigation it has started by means of injunction. The trial judge, who apparently insists that he was right in granting the injunction because he was convinced that the section of the City Charter under attack was unconstitutional, should nevertheless have, under the provisions of Act No. 15 of the Extra Session of 1934, granted the relators a suspensive appeal.

■ In the case of Wall v. Close, supra, it was pointed out that under the provisions of Act No. 29 of 1924, Section 5, LSA–R.S. 13:4070, when "in such case a suspensive appeal be refused by the lower court, the Appellate Court having jurisdiction, or any judge thereof, may, in like circumstances and under like conditions, allow the same in aid of its appellate jurisdiction; * * *." We believe that the public importance of this case requires that we exercise that right and we will therefore grant a suspensive appeal.

It is therefore ordered that the relators herein be and they are hereby granted a suspensive appeal, without bond, returnable to this Court, according to law.