LOTTINGER, Judge.
These two suits are mandamus proceedings against the State Mineral Board of the State of Louisiana to require the Mineral Board to perform certain ministerial duties. The Lower Court awarded judgment in favor of petitioners making the alternative writ of mandamus peremptory. The defendant, the State Mineral Board, has taken suspensive appeals.
Inasmuch as these two suits were consolidated for trial below, and for argument before this Court, and as the issues pre *33 sented in both suits are identical, they will be considered together in this opinion, and one judgment will be rendered covering the issues presented in both suits.
Under the provisions of Act No. 513 of the Louisiana Legislature of 1952, which has now been repealed, certain lands situated in the Parishes of Jefferson and St. Mary, Louisiana, were leased by the State Mineral Board. In accordance with the provisions of said act, the State Mineral Board now has in its hands certain funds belonging to the owners of said properties which has been received as bonuses and royalties under these mineral leases. In 1960 the Louisiana Legislature adopted Act No. 358, now LSA-R.S. 30:186-188, which repealed part of Act 513 of 1952 and amended the remainder thereof. The 1960 act sets forth the procedure by which the Mineral Board shall distribute the funds which it held as a result of the granting of the said mineral leases. LSA-R.S. 30:186 provides as follows:
“186. Distribution of funds
“A. Within a reasonable time after the receipt of any funds received under or on account of any such oil, gas or other mineral lease as rental, bonus, royalty or otherwise, the State Mineral Board shall deposit in the registry of the district court having jurisdiction in the Parish wherein said property is situated, or, if said property be situated in more than one parish, then in the registry of any district court having jurisdiction over any parish wherein a part of said immovable property is situated, all of the funds so received, less and except sums authorized to be deducted by the Mineral Board under R.S. 30:-188, and shall thereafter be relieved of all liability for the payment of such funds upon complying with the requirements of R.S. 30:187.
“B. Any such funds that the State Mineral Board presently possesses shall be deposited in the registry of the court as set out in Subsection A of this Section within a reasonable time after July 8,. 1960.”
LSA-R.S. 30:187 sets forth the procedure under which the State Mineral Board is to deposit the said funds in the District Court having jurisdiction, which procedure is in the nature of a concursus proceeding. LSA-R.S. 30:188 provides for the costs and expenses incurred in said proceedings, and further authorizes the State Mineral Board to deduct from any funds received by it under any such leases a sum equal to ten (10%) per cent of any and all funds received by it, same to defray the costs and expenses of the Mineral Board in handling such funds. Although the said 1960 act has been in effect for a period of some eighteen months, the Mineral Board has not complied with the provisions thereof, and is still holding the funds which are the subject of these suits. The petitioners, therefore, filed these suits in mandamus to require the State Mineral Board to comply with the provisions of the 1960 act by depositing said funds in the appropriate District Courts so that in due course of proceedings the legal owners of said funds might make appropriate claims thereto. After hearing below, the Lower Court held in favor of petitioners and against the Mineral Board and rendered judgment directing the Mineral Board to comply with the provisions of the 1960 act.
The main issue raised on these appeals is the question of any future liability by the State Mineral Board in the event it follows the procedures as set forth by Act 358 of 1960. On file in the records of these proceedings are agreed statements of fact wherein Counsel for the parties concerned agree that the constitutionality of the 1960 act is in question in a pending suit entitled “State of Louisiana, Ex Rel Lucia Girouard et al. v. State Mineral Board, No. 70,744” which suit is filed in the Nineteenth Judicial District Court of the Parish of East Baton Rouge, State of Louisiana. Also stipulated in the agreed statement is the fact that there is a suit entitled “James C. Henriques, *34 Jr. v. the State Mineral Board”, bearing No. 78,588 of the docket of the Nineteenth Judicial District Court of the Parish of East Baton Rouge, State of Louisiana, wherein the plaintiff seeks a percentage of the subject fund held by the State Mineral Board. By virtue of the filing of said agreed statement of facts in the record of these proceedings we do hereby take cognizance of the fact that the constitutionality of Act 358 of 1960 is at issue in the recited case as well as take cognizance of the fact that the said James C. Henriques, Jr. is suing the said State Mineral Board in said recited case for a percentage of the subject funds held by said Mineral Board.
The jurisprudence of this State is to the effect that legislative acts are presumed to be constitutional until declared unconstitutional by the final decisions of the Courts. Wall v. Close, 201 La. 986, 10 So.2d 779. Thus, the provisions of Act 358 of 1960 must be presumed constitutional as the question of constitutionality of same has not been presented in this case, nor has an exception of lis pendens been filed herein. We have only been asked to take cognizance of another suit wherein this question is pending, however, as the question is not now before this Court, we must presume the said Act to be constitutional until it has been declared unconstitutional by final decision of the Courts.
Now with reference to the suit entitled “James C. Henriques, Jr. v. the State Mineral Board” bearing No. 78,588 on the docket of the Nineteenth Judicial District Court wherein the plaintiff seeks a percentage of the subject fund held by the said Mineral Board, we wish to state that the record clearly indicates that there was no consolidation of that suit with the instant case nor an exception of lis pendens filed and upheld herein, therefore the issues raised by that case are not properly before this Court for consideration in reviewing the act of the District Court in issuing the writ of mandamus herein. In the event that the defendant, said Mineral Board, were to deposit the subject funds into the Registry of the District Court as ordered by the Lower Court and subsequently approved by this Court, then it will have no funds available for the satisfaction of any claim of the said plaintiff James C. Hen-riques, Jr. and clearly absolved of any liability for same to the plaintiff therein by the express provisions of Act 358 of 1960. In the event that his suit presently pending before the Nineteenth Judicial District Court becomes moot as a result of the compliance by defendant with the provisions of Act 358 of 1960, then the said plaintiff need only appear and assert that claim in those proceedings opened in the district courts of our state where the fund is deposited.
It appears from the records before us, as well as from oral argument of counsel, that the prime reason why the State Mineral Board has undertaken not to comply with the requirements of the statute is that it fears future liability in the event the statute is ultimately declared unconstitutional in some other suit. However, as the statute is presumed constitutional until declared otherwise, no liability will result from a strict compliance with the provisions thereof.
For the reasons hereinabove assigned the judgments of the Lower Court will be amended and, as amended, there is judgment herein making the alternative writs of mandamus peremptory, and ordering the State Mineral Board to strictly comply with the provisions of Act No. 358 of 1960, and, upon strict compliance with the provisions of said act releasing and relieving the State Mineral Board from any further liability to any claimants to the funds involved, and further authorizing the State Mineral Board to first deduct from said funds the sum equal to ten (10%) per cent thereof as expenses, all as provided in said statute.
Judgment amended and affirmed.