· 193 So.2d 777 ·

**Lantz WOMACK**

**v.**

**LOUISIANA COMMISSION ON GOVERN-
MENTAL ETHICS et al.**

No. 48463.

Jan. 16, 1967.

Louis S. Quinn, Baton Rouge, for relators.

Robert L. Kleinpeter, Kleinpeter & George, Baton Rouge, for respondent.

HAMLIN, Justice.

The sole question in these proceedings is whether the Louisiana Commission on Governmental Ethics and the individual members thereof are entitled to a suspensive appeal.

In 1964 the Legislature of this state adopted the Code of Ethics for Governmental Affairs for the State of Louisiana, Act 110 of 1964, R.S. 42:1101 et seq. For the administration and enforcement of the provisions of this code dealing with state employees (Part 2) there was created and established by the statute a Louisiana Commission on Governmental Ethics. This commission, purporting to act under the provisions of the statute, scheduled a private hearing to investigate whether Lantz Womack, a state representative, had violated a provision of the Code of Governmental Ethics, particu-

larly R.S. 42:1117, subd. B.[1] Prior to the date of the hearing Mr. Womack sought and obtained a judgment of the Nineteenth Judicial District Court, Parish of East Baton Rouge, "permanently enjoining, restraining and prohibiting the defendants [the commission and its members] from holding any hearing, conducting any inquiries or from issuing any orders, decisions, comments or holdings, which might in any manner affect plaintiff, Lantz Womack". In issuing this injunction the district judge held Act 110 of 1964 unconstitutional.

In the judgment the district court decreed the entire act to be unconstitutional, apparently on the basis that one part of the act was objectionable, saying:

"It is the opinion of the Court that the constitutional amendment and the acts of the Legislature creating the Commission on Governmental Ethics is unconstitutional, null and void because it provides that a member of the Civil Service Commission shall be a member of the Commission on Governmental Ethics in direct conflict with the constitutional provision creating the Civil Service Commission."

From the judgment decreeing the act unconstitutional the commission and its mem-

bers sought a suspensive appeal, which was denied by the trial judge. On application of the commission and its members this court ordered the Nineteenth Judicial District Court to grant relators a suspensive appeal or show cause why such an appeal should not be granted, 249 La. 774, 191 So. 2d 314.[2]

Relators predicate their right to a suspensive appeal on R.S. 13:4431 and on the holding of this court in the cases of Hirt v. City of New Orleans, 225 La. 1077, 74 So.2d 380, and Wall v. Close, 201 La. 986, 10 So.2d 779. R.S. 13:4431 provides:

"In any case where any district court has granted any restraining order, preliminary injunction, permanent injunction, or other process which may restrain the execution or enforcement of any provision of the constitution or of any act, law or resolution of the legislature of Louisiana, the defendant or defendants or any person or persons affected thereby, may suspensively appeal the order or judgment to the court of competent appellate jurisdiction."

In the Hirt case this court said:

"In the case presently before us, no property of any kind is involved and the object

---

1. R.S. 42:1117, subd. B reads: "No member of any board or commission appointed by the Governor with or without the consent of the Senate shall receive compensation or anything of economic value, other than that to which he is duly entitled from the government, for the performance of any activity during his serv-ices as such official and within the scope of his official responsibilities."

2. The trial judge did not answer the rule to show cause, but informed this court by letter that the attorney for the plaintiff Womack "wishes to file opposition and to be heard on the return day".

of the suit is purely one to have the City Council restrained from the performance of duties which it contends it has the right, under its charter, to perform, it being a duty imposed by law for the necessary maintenance and operation of the government of the City. Until such time as this Court will have finally passed upon the question of the constitutionality of that section of the City Charter, the lower Court has no right to prevent the investigation it has started by means of injunction. The trial judge, who apparently insists that he was right in granting the injunction because he was convinced that the section of the City Charter under attack was unconstitutional, should nevertheless have, under the provisions of Act No. 15 of the [Second] Extra Session of 1934, granted the relators a suspensive appeal."

In Wall v. Close the court stated:

"The purpose of Act 15 of the 2nd E. S. of 1934 is to prevent the district courts from restraining the execution or enforcement of any provision of the Constitution or any act, law or resolution of the Legislature until it is declared invalid or unconstitutional by final decisions of the courts."

In the instant case the district judge by issuing the injunction has effectively restrained the execution and enforcement of Act 110 of 1964, and under R.S. 13:4431 and the decisions cited above relators are entitled to a suspensive appeal.

In support of the ruling of the trial judge denying a suspensive appeal respondent calls to our attention the case of Guillot v. Nunez, 225 La. 1035, 74 So.2d 205. That case is without application here, however, for in the present case, as in Hirt v. City of New Orleans, supra, no property right of any kind is involved. In the Hirt case the court pointed out why the decision of the Nunez case is not applicable in a case such as this.

Respondent also contends that the Hirt and Wall cases are distinguishable from the instant case, but in our opinion the distinction he attempts to make is not a valid one. He argues that in the instant case the lower court has enjoined the commission only from proceeding any further against Lantz Womack, and has not enjoined it from performing any other duties. We think, however, that the effect of the district court's decision is so far reaching as to make ineffective any proceedings or action of the commission as constituted under the act.

Respondent further argues that the Legislature by adopting Act 13 of the Extra Session of 1966 has rendered moot the question of relators' right to a suspensive appeal. We likewise find no merit in this contention. The legislative act cited has not affected the validity of the judgment issuing the injunction, which remains in full force and effect unless reversed on appeal.

For the reasons assigned the Nineteenth Judicial District Court is ordered to grant relators' motion for a suspensive appeal. Assessment of costs of these proceedings is to await final determination of the matter.

HAWTHORNE, Justice, absent.