STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2024 CA 0730

LOUISIANA CONVENIENCE AND VAPE STORE ASSOCIATION, INC.

VERSUS

ERNEST P. LEGIER, IN HIS OFFICIAL CAPACITY, COMMISSIONER, ALCOHOL AND TOBACCO CONTROL, AND KEVIN RICHARD, IN HIS OFFICIAL CAPACITY, SECRETARY, LOUISIANA DEPARTMENT OF REVENUE

**Judgment Rendered:** DEC 2 7 2024

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C740120

Honorable Wilson E. Fields, Judge Presiding

* * * * * *

| | |
|---|---|
| V. Thomas Clark, Jr.<br>Jude Bursavich<br>Carroll Devillier<br>Nicole Gould Frey<br>Sarah A. Perkins<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee<br>Louisiana Convenience and Vape<br>Store Association, Inc. |
| Christopher L. Whittington<br>Baton Rouge, LA | |
| Carey T. Jones<br>David Jeddie Smith<br>Chimene St. Amant<br>Baton Rouge, LA | Counsel for Intervenor<br>State of Louisiana through the<br>Attorney General |
| Renee G. Culotta<br>Benjamin M. Castoriano<br>Christopher Nunziato<br>New Orleans, LA | Counsel for Defendant/Appellant<br>Earnest P. Legier, in his official<br>capacity, Commissioner, Alcohol and<br>Tobacco Control |
| Antonio C. Ferachi<br>Luke Morris | Counsel for Defendant/Appellant<br>Richard Nelson, in his official capacity |

Baton Rouge, LA

Secretary, Louisiana Department
of Revenue

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

**GUIDRY, C.J.**

The defendants appeal a judgment granting the plaintiff's petition for preliminary injunction. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, the Louisiana Convenience and Vape Store Association, Inc. (the Association), represents the interests of wholesalers, retailers, and consumers of vapor products. In its own name and on the behalf of its members, on October 31, 2023, the Association filed a petition for injunctive relief.[1] Named as defendants are Ernest P. Legier, Jr., in his official capacity as Commissioner, Louisiana Alcohol and Tobacco Control and Kevin Richard, in his official capacity as Secretary, Louisiana Department of Revenue (collectively "the State").[2] Through its petition, the Association seeks a declaration that La. R.S. 26:911(B)(1)(b) and La. R.S. 26:926, as enacted by Act 414 of the 2023 Regular Legislative Session, are unconstitutional. The Association seeks relief enjoining the enforcement of the provisions.

Following a hearing of the Association's request for preliminary injunction on January 18, 2024, the trial court took the matter under advisement. (R. 2/351). Thereafter, in a judgment signed on February 7, 2024, the trial court granted plaintiff's request for preliminary injunction and enjoined the defendants from enforcing the provisions of La. R.S. 26:911(B)(1)(b) and La. R.S. 26:926.[3] The State timely appealed. On appeal, the State assigns the following errors:

---

[1] Specifically, the Association filed a petition for declaratory judgment, temporary restraining order, preliminary injunction, and permanent injunction.

[2] We note that Richard Nelson currently serves in the role of Secretary, Louisiana Department of Revenue. We further note that the Attorney General intervened in these proceedings, and the Association amended its petition to add defendants.

[3] The trial court ordered the plaintiff Association to furnish security for the preliminary injunction in the amount of $100,000.

In addition, we note that La. R.S. 26:926 was repealed by 2024 La. Acts. No. 567, § 3, effective June 10, 2024. The statute was replaced by La. R.S. 26: 926.1 on the same date. Louisiana Revised

3

1. The [trial] court erred in granting Plaintiff's preliminary injunction by finding Plaintiff was likely to succeed on the merits of its claims under La. Const. Art. III, § 15(A) and (C), that is, by finding the inclusion of [a] criminal sanction in La. R.S. § 26:926(I) to the bill violated La. Const. art. III, § 2(A)(4)(b), created a dual object and was not germane to the original bill.

2. The [trial] court erred in granting Plaintiff's preliminary injunction without requiring Plaintiff to show irreparable injury and without considering whether the harm to the State and public interest outweighed the harm caused to Plaintiff in not being permitted to sell unregulated vape products.

3. The [trial] court erred in granting Plaintiff's preliminary injunction which altered the status quo and operated as either a mandatory injunction or declaratory judgment.

## MOTION TO DISMISS THE APPEAL

After the record was lodged with this court, the Association filed a motion to dismiss the instant appeal. The Association contends the appeal is moot due to its inability to post the $100,000 mandatory bond, as ordered by the trial court. Because of its failure to post the requisite security, the Association claims the preliminary injunction is of no legal effect.

We disagree with the Association. As expressed in Louisiana Convenience and Vape Store Association, Inc. v. Legier, 24-0237 (La. App. 1st Cir. 4/2/2024), 2024 WL 1436692 (unpublished writ action) and we reiterate now, when a trial court has granted a preliminary injunction which may restrain the execution or enforcement of enacted laws of the Legislature of Louisiana, the defendants or any person or persons affected thereby, may suspensively appeal. See La. R.S. 13:4431;[4]

___

Statutes 26:926.1 contains the substantive provisions previously set forth in La. R.S. 26:926, which are the subject of the Association's constitutional challenges. Thus, the legislative action did not cure all substantive constitutional challenges at issue, and we do not find the appeal moot. See Cat's Meow, Inc. v. City of New Orleans Through Department of Finance, 98-0601, p. 9 (La. 10/20/98), 720 So. 2d 1186, 1194.

[4] Louisiana Revised Statutes 13:4431 provides:

In any case where any district court has granted any restraining order, preliminary injunction, permanent injunction, or other process which may restrain the execution or enforcement of any provision of the constitution or of any act, law or resolution of the legislature of Louisiana, the defendant or defendants or any person or persons

4

see also Womack v. Louisiana Commission on Governmental Ethics, 250 La. 37, 193 So. 2d 777 (1967). Accordingly, we deny the motion to dismiss the appeal as moot.[5]

## DISCUSSION

A preliminary injunction is essentially an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief. It is designed to and serves the purpose of preventing irreparable harm by preserving the status quo between the parties pending a determination on the merits of the controversy. Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270, p. 6 (La. App. 1st Cir. 3/24/05), 906 So. 2d 660, 664. Generally, an injunction will issue only in its prohibitory form.[6] See Concerned Citizens for Proper Planning, LLC, 04-0270 at pp. 6-7, 906 So. 2d at 664. A party seeking the issuance of a preliminary injunction must show that it will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a *prima facie* showing that the party will prevail on the merits of the case.[7] CDI Corp. v. Hough, 08-0218, p. 6 (La. App. 1st Cir. 3/27/09), 9 So. 3d 282, 286-287.

Conversely, a mandatory injunction, which commands the doing of some action, cannot be issued without a hearing on the merits. Concerned Citizens for

---

affected thereby, may suspensively appeal the order or judgment to the court of competent appellate jurisdiction.

[5] We note that the Association, in its motion, indicated that it would file an *ex parte* motion to set aside or alternatively dissolve the preliminary injunction. Nothing in the record indicates that the *ex parte* motion was filed, however, and the issue is not before us at this time.

[6] A prohibitory preliminary injunction is one that seeks to restrain conduct. Deshotels v. White, 16-0889, p. 7 (La. App. 1st Cir. 8/16/17), 226 So. 3d 1211, 1218, n. 9 (*en banc*), writ denied, 17-1565 (La. 12/5/17), 231 So. 3d 628.

[7] A showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful, or a deprivation of a constitutional right is involved. Concerned Citizens for Proper Planning, LLC, 04-0270 at p. 6, 906 So. 2d at 664. The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion has been shown. Concerned Citizens for Proper Planning, LLC, 04-0270 at p. 5, 906 So. 2d at 663.

Proper Planning, LLC, 04-0270 at p. 7, 906 So. 2d at 664. A mandatory injunction has the same basic effect as a permanent injunction. A mandatory preliminary injunction may not be issued on a merely *prima facie* showing that the party seeking the injunction can prove the necessary elements. Instead, the party must show by a preponderance of the evidence at a full trial on the merits that he is entitled to the preliminary injunction. Deshotels, 16-0889 at p. 7, 226 So. 3d at 1218.

In the instant case, plaintiff sought a preliminary injunction against the defendants on the basis that certain provisions of Act 414 were unconstitutional and sought to enjoin their implementation and/or enforcement. The plaintiff's request for a preliminary injunction went beyond preserving the status quo, however, as plaintiff's relief, essentially, was a ruling on the merits of the petition.

Indeed, the subject, complained of provisions were already in effect at the time of the preliminary injunction hearing.[8] Therefore, although styled as a preliminary injunction, what plaintiff actually sought and was granted was a change in the status quo. However, nothing in the record suggests that the parties agreed to hold a trial on the merits and a permanent injunction hearing at the hearing on the preliminary injunction.[9] Furthermore, it is well settled that a court may not declare a statute unconstitutional in the context of a summary proceeding such as a preliminary injunction. See Barber v. Louisiana Workforce Commission, 15-1700, p. 1 (La. 10/9/15), 176 So. 3d 398 (*per curiam*).

As a matter of law, a mandatory injunction cannot be a preliminary injunction. Harrington v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 21-1527, pp. 9-10 (La. App. 1st Cir. 9/29/22), 2022 WL 4587873, *4, writ denied, 22-01621 (La. 1/11/23), 352 So. 3d 985. Yet, we find that

---

[8] Act 414 and the subject provisions became effective on July 1, 2023.

[9] The judgment herein indicates that the case came before the trial court for a hearing on a request for preliminary injunction and that the parties contemplated further proceedings, specifically a trial of the request for permanent injunction.

a mandatory injunction was issued here. The trial court abused its discretion in so ordering; we reverse the preliminary injunction. See Lift Louisiana v. State, 21-1453, pp. 4-5 (La. App. 1st Cir. 6/3/22), 343 So. 3d 203, 207; Barber v. Louisiana Workforce Commission, 15-1598 (La. App. 1st Cir. 6/2/16), 2016 WL 3150176, *3.

## CONCLUSION

For the above and foregoing reasons, we deny the motion to dismiss the appeal as moot and reverse the judgment of the trial court granting the preliminary injunction in favor of Louisiana Convenience and Vape Store Association, Inc. and against defendants Ernest P. Legier, Jr., in his official capacity as Commissioner, Louisiana Alcohol and Tobacco Control and Kevin Richard, in his official capacity as Secretary, Louisiana Department of Revenue. All costs of this appeal are assessed to plaintiff/appellee Louisiana Convenience and Vape Store Association, Inc.

**MOTION TO DISMISS APPEAL AS MOOT DENIED; JUDGMENT REVERSED.**