McClendon, j.
|2The defendants appeal a judgment awarding civil penalties to the plaintiff where the trial court determined that the defendants “arbitrarily and capriciously” failed to produce the documents sought through a public records request. For the following reasons, we amend the judgment and affirm as amended.
FACTS AND PROCEDURAL HISTORY
On Friday, February 6, 2015, Michael Deshotels submitted a public records request to John White, State Superintendent of Education, and to the Louisiana Department of Education (the Department), seeking “a copy of the October 2014 multi-stat report for all public schools in Louisiana, giving the actual total number of students enrolled in each grade including all various categories of ethnic groups and free or reduced lunch and other designations in each public school in Louisiana.”[1] In his request, Mr. Deshotels specified that he did “not want the suppressed or rounded off enrollment numbers.” In a response dated February 10, 2015, the Tuesday following the request, the Department provided averaged ranges as opposed to the actual number of students as requested.
On February 17, 2015, Mr. Deshotels, through counsel, again sought the same information with “the actual number of students” as opposed to “suppressed or averaged ranges of the actual statistics.” In a response dated March 18, 2015, the Department noted that it provided Mr. Deshotels with the “multi-stat in the form and fashion that is compliant with FER-PA,” or the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.
On March 23, 2015, Mr. Deshotels, through counsel, again sought the unsuppressed documents. Mr. Deshotels, refer *1215 encing 34 C.F.R. § 99.3,[2] opined that | aFERPA did not prohibit disclosure because the personal identification of the students would not be disclosed. In a response dated March 30, 2015, the Department indicated that it could not release the requested information unsuppressed, reasoning as follows:
Pursuant to the policies and procedures established to ensure student privacy, the Department can only release the requested information in the suppressed form that has been provided to your client. That information, if not suppressed could alone or in combination, is subject to being linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty.
The Department concluded that it was not its “intent to withhold public records, but rather to protect student privacy in accordance with the applicable laws, rules, and regulations within which the Department must comply.”
On April 15, 2015, Mr. Deshotels filed a “Petition for Injunctive Relief Pursuant to the Louisiana Public Records Act,” naming John White and the Department as defendants. In his allegations, Mr. Deshotels averred that in a prior action involving a similar request made by him, the trial court had previously ruled, in a judgment dated September 12, 2014, that the information sought was a matter of public record and the actual figures should be used. Mr. Deshotels asserted that the September 12, 2014 decision was not appealed. In his prayer for relief, Mr. Deshotels requested a preliminary injunction be issued to, among other things, require the defendants to produce the public records. Mr. Deshotels also sought an award of reasonable attorney’s fees and statutory damages in the amount of $100.00 per day for each day of the defendants’ violation of the Louisiana Public Records Act.
|4The matter was originally set for hearing on April 30, 2015. However, on that date, the defendants filed a peremptory exception raising the objection of no cause of action, resulting in the court setting a status conference and reassigning the matter. Defendants’ peremptory exception of no cause of action was subsequently heard and denied on October 6,2015.
On October 19, 2015, a hearing was held on Mr. Deshotel’s petition for injunctive relief. Both parties offered witnesses and evidence in support of their positions. At the hearing, Mr. Deshotels testified that the data he received from the Department in response to his public records request was useless because he needed actual fig *1216 ures to perform -a statistical analysis of student enrollment, graduation,' dropout, and transfer rates. Mr. Deshotels indicated that for approximately twenty years prior, the Department had supplied citizens with the actual student enrollment data and published this information on its website. Mr. Deshotels also noted that the defendants, even though they refused to provide the unsuppressed data, recognized that “it’s possible” to retrieve the unsuppressed information for Louisiana from the United States Department of Education (US-DOE). Further, Mr. Deshotels pointed out that the unsuppressed data-had been made available to at least fourteen entities, including various companies, non-profit agencies, and universities.[3] Mr. Deshotels further noted that the defendants could not point to a specific regulation that would prohibit such. disclosure and were aware of the prior trial court ruling that was not appealed ordering such disclosure.
In support of the defendants’ position, Kim Nesmith, Director of Data Quality and Management for the Department, testified that the Department relied on communications with and publications of the USDOE to develop these suppression techniques.[4] Ms. Nesmith conceded that one could not determine the identity of a child, the child’s social • security -number, the child’s date of birth, or the parents’ names from reviewing the documents alone, looking only at the unsuppressed information | ^pursuant to the request. Similarly, John White, Louisiana Superintendent of Education whose deposition testimony was introduced into evidence, indicated that the unsuppressed information does not include any detailed personal information about any student.
Ms. Nesmith, however, further testified that FERPA encompasses indirect personally identifiable information, and the Department must take into account that when one or more pieces of information are combined it would allow a reasonable person to identify a child. Ms. Nesmith indicated that when the reports are used together with other reports, or when a person reviewing the unsuppressed reports “simply know[s] a little data about the state,” the person reviewing the reports could determine the identity of the children. Regarding the 2014 multi-stats request, Ms. Nes-mith testified:
There are thirty-two different schools with a'hundred percent of their children that are economically disadvantaged. For me to release that data would indicate that anybody who has children going to that school would be economically . disadvantaged. Of those thirty-two, four of them also have a hundred percent children with disabilities; so I would then be saying to the public, everyone, if your child goes to this school, not only are they all economically disadvantaged, they also have a disability..
Ms. Nesmith also testified that it was at the USDOE’s request that these reports were taken off of the Department’s website.
Following the hearing, the trial court took the matter under advisement and signed a judgment on December 15, 2015. In its judgment, the trial court granted Mr. Deshotels’ petition for injunctive relief and ordered production of unsuppressed *1217 copies of the October 2014 multi-stat report.[5] The trial court also awarded Mr. Deshotels attorney’s fees and costs of the proceedings. Additionally, the trial court found that the defendants acted arbitrarily and capriciously in failing to produce the records and ordered the defendants to pay Mr. Deshotels statutory penalties in the amount of $100.00 per day from February 16, 2015, until the public records are produced.[6]
UThe defendants timely filed a motion for new trial on December' 23, 2015, which was summarily denied by the trial court on January 13, 2016. The trial court signed a judgment denying the motion for new trial on February 18, 2016.
On February 16, 2016, the defendants sought a suspensive appeal from the December 15, 2015 judgment.' In their appeal, the defendants have assigned the following as error:
1. The trial court erred in finding the Louisiana Department of Education arbitrarily and capriciously withheld public records.
2. The trial court erred in awarding . civil penalties under Louisiana Revised Statutes 44:35 against John White and the Louisiana Department of Education.
Mr. Deshotels has answered the appeal to seek additional attorneys’ fees for work associated with this appeal. Additionally, the Louisiana Association of Educators filed a motion for leave tó file- an amicus curiae brief, which this court granted.
MOTION TO DISMISS
Mr. Deshotels has filed a-motion to dismiss the defendants’ appeal, asserting that the appeal is untimely.[7] Specifically, Mr. Deshotels avers that the trial court signed a judgment granting the. preliminary injunction on December 15, 2015, but the defendants did not move for an appeal until February 16, 2016, or more than 15 .days after the judgment was signed. See LSA-C.C.P. art. 3612.[8] Mr. Deshotels contends that because a motion for new trial cannot be taken from an interlocutory judgment that grants a preliminary injunction, the motion for new trial here did not suspend the appeal delay. See Morris v. Transtates Petroleum, Inc., 258 La. 311, 321-22, 246 So.2d 183, 187 (La. 1971); Chauvin v. Matherne, 419 So.2d 1276 (La. App. 1 Cir. 1982).
We' note, however, that Mr. Des-hotels, by seeking to have certain documents produced, was in substance requesting a mandatory injunction rather than a prohibitory one. A mandatory injunction is *1218 so named because it commands the doing of some action and cannot be issued without a hearing on the merits. Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270 (La.App. 1 Cir. 3/24/05), 906 So.2d 660, 664. The jurisprudence has established that a mandatory preliminary injunction has the same basic effect as a permanent injunction, and therefore may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Id. As such, a mandatory preliminary injunction may not be issued unless the party seeking the injunction proves by a preponderance of the evidence at a full trial on the merits in which the taking of evidence is not limited that he is entitled to the injunction. Id. at 664-65. Contrast this with a prohibitory preliminary injunction that may be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Id. at 664.[9] Given mandatory injunctions and prohibitory injunctions have different procedural rules and evidentiary burdens, one court has even recognized, as do we, that as a matter of law, it is not possible to issue a mandatory preliminary injunction. See Hyman v. Puckett, 15-0930 (La.App. 4 Cir. 5/4/16), 193 So.3d 1184, 1189.
Accordingly, despite Mr. Deshotels’ contention that the December 15, 2015 judgment cannot be interpreted as one granting a permanent injunction because the parties did not expressly agree to submit the case for a final decision, we recognize that the mandatory injunction can only be issued after a full trial on the merits and has the same effect as a permanent injunction. As such, the appeal delays from a mandatory injunction are the normal appeal delays as provided in LSA-C.C.P. arts. 3612(D), 1841, 1911, and 2123. Neither party challenges that the matter was decided after a full evidentiary hearing and that they were allowed to present all evidence to the trial court. |sMoreover, the December 15, 2015 judgment resolved all issues raised, including the payment of statutory penalties, attorneys’ fees, and litigation expenses. As such, we conclude that the judgment meets the requirements for being final for purposes of appeal and is subject to the ordinary appeal delays, rather than those provided in LSA-C.C.P. art. 3612. Accordingly, we deny Mr, Des-hotels’ motion to dismiss the appeal.
DISCUSSION
The right of access to the public records, which is guaranteed by the Louisiana Constitution, must be construed liberally in favor of free and unrestricted access. Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691, 694-95 and Elliott v. District Attorney of Baton Rouge, 94-1804 (La.App. 1 Cir. 9/14/95), 664 So.2d 122, 125, writ denied, 95-2509 (La. 12/15/95), 664 So.2d 440. Because the right of access to public records is a fundamental right, guaranteed by the Constitution, access can be denied only when a law specifically and unequivocally provides otherwise. Capital City Press, L.L.C. v. Louisiana State University System Bd. of Sup’rs, 13-2001 (La.App. 1 Cir. 12/30/14), 168 So.3d 727, 736, writ denied, 15-0209 (La. 4/17/15), 168 So.3d 401. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right to see. To allow otherwise would be an improper and arbitrary restriction on the public’s constitutional rights. Id. at 736.
*1219 Louisiana Revised Statutes 44:32A provides in part: “The custodian shall present any public record to any person of the age of majority who so requests.” Regarding enforcement of this right, LSA-R.S. 44:35A provides:
Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
Ifllf the person seeking the right to inspect or to receive a copy of the public record prevails in his enforcement suit, the court shall award him reasonable attorney fees and other litigation costs. LSA-R.S. 44:35D. Further, at issue here, LSA-R.S. 44:35 authorizes additional damages and civil penalties, as follows:
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
The first sentence of LSA-R.S. 44:35E(1) provides for actual damages if the custodian arbitrarily or capriciously withheld the requested record or failed to respond. In contrast, the trigger for a discretionary award of civil penalties in the second sentence is the failure of the custodian to properly respond to a requester within the three-day statutory period.[10] Capital City Press, L.L.C., 168 So.3d at 743 (citing Innocence Project New Orleans v. New Orleans Police Dept., 13-0921 (La.App. 4 Cir. 11/6/13), 129 So.3d 668, 675. The trial judge must also find that the custodian’s failure to respond to the requester was unreasonable or arbitrary. Capital City Press, L.L.C., 168 So.3d at 743-44.
Louisiana Revised Statutes 44:32 provides, in part:
D. In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor. Such written notification shall contain a reference to the basis under law which the custodian has determined exempts a *1220 record, or any part thereof, from inspection, copying, or reproduction.
Here, Mr. Deshotels did not present any evidence that he sustained actual damages, as authorized by the first sentencie of LSA-R.S. 44:35E(1). Rather, the legal | ^authority for the award of penalties arises from the Department’s arbitrary failure to fully respond as authorized by the second sentence of LSA-R.S. 44:35E(1).
For a public records request, a civil penalty may be imposed only when the custodian unreasonably or arbitrarily fails to timely send the notification required by LSA-R.S. 44:32D. See LSA-R.S. 44:35E(1); Revere v. Reed, 95-1913 (La. App. 1 Cir. 5/10/96), 675 So.2d 292, 296; Washington v. Reed, 95-1067 (La.App. 1 Cir. 2/23/96), 668 So.2d 1313, 1314. That notification is necessary when the custodian determines the requested information is not a public record. See LSA-R.S. 44:32D; Revere, 675 So.2d at 296; Washington, 668 So.2d at 1314. In that event, the custodian must provide written notice to the requesting party within three days of the request, advising of the custodian’s determination, “the reasons therefor,” and “the basis under law which the custodian has determined exempts [the] record, or any part thereof, from inspection, copying, or reproduction.” See LSA-R.S. 44:32D. A civil penalty of up to $100.00 per day, exclusive of weekends and legal holidays, may be assessed “for each such day of such failure to give [the] notification,” if the failure is found to be unreasonable or arbitrary. See LSA-R.S. 44:35E(1).
Mr. Deshotels made a public records request on February 6, 2015, seeking figures for student enrollment in public schools. The Department refused to fully provide the requested information, eventually citing policies and procedures established to ensure student privacy. However, the legal basis for not producing the records was not given until March 18, 2015, well after the applicable three-day deadline as set forth in- LSA-R.S. 44:32D. Consequently, the first requirement for a penalty -is met, that is, a failure to provide a notification with a stated legal basis within the three-day period. Moreover, after reviewing the record, we conclude that the trial court did not err in finding the defendants’ delay to be unreasonable or arbitrary, especially in light of Mr. Deshotel’s specific request that unsuppressed figures be provided. Therefore, it was within the trial court’s discretion to impose a civil penalty.
However, wé find the trial court erred in imposing a penalty of $100.00 per day from February 16, 2015, until the records are produced. The penalty can be imposed only for each day. the defendant failed to give the proper notification. See LSA-R.S. |1144:35E(1). Exclusive of weekends and legal holidays, that period began on February 12, 2015 (the day following the expiration of the three-day deadline), and ended on March 17, 2015. The March 18, 2015 notice satisfied LSA-R.S. 44:32D and thus terminated the penalty period.[11] Regardless of whether the defendants’ legal basis set forth in their notice was correct or incorrect, the Louisiana Public Records Act authorizes a penalty only for failing to provide the notification as required by LSA-R.S. 44:32, not for making the wrong determination. As such, the trial *1221 court should have imposed the penalty from February 12,2015 through March 17, 2015.[12] We will amend the judgment accordingly.
Further, Mr. Deshotels filed a motion for this court to convene en banc to consider its prior ruling in Aswell v. Division of Administration, 15-1851 (La.App. 1 Cir. 6/3/16), 196 So.3d 90, writ denied, 16-1263 (La. 11/7/16), 209 So.3d 102 (three justices dissenting). We granted Mr. Deshotels’ motion and heard this matter en banc. In Aswell, this court determined that a response received within the statutory period, even if that response is “not entirely truthful,” would preclude recovery of the discretionary civil penalties.[13] 196 So.3d at 95. In the instant case, unlike Aswell, there are no allegations that the defendants provided a response that was not truthful.[14] Therefore, while we may disagree with the holding of Aswell, we are not required to address that issue in this case.[15]
112Mr. Deshotels has answered the appeal to seek additional attorney’s fees on appeal. Because we find merit in part in the defendants’ argument and grant the defendants relief in part, we deny Mr. Deshotels’ answer to the appeal.
CONCLUSION
For the foregoing reasons, the trial court’s December 15, 2015 judgment is amended to reduce the penalty period to the period of February 12, 2015 through March 17, 2015. The trial court’s judgment is affirmed in all other respects. Also, Mr. Deshotels’ motion to dismiss the appeal is denied for the reasons stated above. Additionally, the costs of this appeal in the amount of $1,301.50 are assessed equally between appellants, the Louisiana Department of Education and John White, and appellee, Michael Deshotels.
JUDGMENT AFFIRMED IN PART AND AMENDED IN PART AND AFFIRMED AS AMENDED; MOTION TO DISMISS APPEAL DENIED; MOTION TO CONSIDER EN BANC GRANTED; ANSWER TO APPEAL DENIED.
Penzato, J. concurs
Guidry, J. concurs in the result.
Pettigrew, J. concurs
*1222 Chutz, J. concurs
McDonald, J. concurs with additional reasons.
Theriot, J. concurs

. Mr. Deshotels is a retired educator who writes an internet newsletter or blog called "The Louisiana Educator.” He provides educators and parents the latest news on educational issues in Louisiana.

. 34 C.F.R. § 99.3, which defines certain terms applicable to FERPA, defines “Personally Identifiable Information” as follows:
The term includes, but is not limited to—
(a) The student’s name;
(b) The name of the student's parent or other family members;
(c) The address of the student or student's family;
(d) A personal identifier, such as the student’s social security number, student number, or biometric record;
(e) Other indirect identifiers, such as the student’s date of birth, place of birth, and mother’s maiden name;
(f) Other information that, alone or in combination, is linked or linkable to a specific- student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

. The record does not indicate why these particular entities were provided access. However, we note that certain entities statutorily qualify for the release of the records to them as recognized by FERPA. See 20 U.S.C. § 1232g(b)(l).

. Ms. Nesmith indicated that while suppression was set forth in best guidance and best practice techniques produced by the USDOE, there was no such regulation concerning suppression unless it involved a cell size less than 10.

. The December 15, 2015 judgment erroneously ordered production of the October 2015 multi-stat reports, but the judgment was amended on December 30, 2015, pursuant to a timely filed motion, to correct the error in the date to properly reflect that it was ordering production of the October 2014 multi-stat reports.

. It áppears that the trial court applied the five-day period set forth in LSA-R.S. 44:35A, rather than the three-day period set forth in LSA-R.S. 44:32D,

. On October 18, 2016, the motion to dismiss was referred to the panel to which the appeal was assigned.

.Louisiana Code of Civil Procedure article 3612 provides, in pertinent part:
B. An appeal may be taken as a matter of ' right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.

. A prohibitory preliminary injunction is one that seeks to restrain conduct and may be issued without the showing of irreparable injury in certain cases. See Yokum v. Pat O'Brien’s Bar, Inc., 12-0217 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 81.

. The language of the statute is unambiguous, and the civil penalty provision applies "for each such day of such failure to give notification.” LSA-R.S. 44:35E(1). It does not apply to the time frame for producing tire documents. Capital City Press, L.L.C., 168 So.3d at 743.

. In its March 18, 2015 response, the Department specifically noted that it previously provided Mr, Deshotels with the “multi-stat in the form and fashion that is compliant with FERPA.” We find this response was sufficient to satisfy the requirements of LSA-R.S. 44:32D. We note that the Department further explained its rationale in more detail in its March 30, 2015 response.

. The trial court assessed the highest per day statutory penalty under LSA-R.S. 44:35E(1). The defendants did not seek review of the amount of the penalty assessed per day.

. In Aswell, this court first concluded that the Department of Administration (DOA) “arbitrarily withheld the documents when it responded to Mr, Aswell’s records request stating that it was not in possession of documents responsive to his request when the record reveals that it was, and we find that DOA’s response to Mr. Aswell’s request was not entirely truthful.” Aswell, 196 So.3d at 95. However, addressing the penalty provision set out in the second sentence of LSA-R.S, 44:35E(1), this court found that Mr. Aswell was not entitled to the discretionary award of civil penalties because the DOA did timely respond to Mr. Aswell’s request within the timeframe set forth in LSA-R.S. 44:32. Id.

. Cf. Independent Weekly, LLC v. Lafayette City Marshal Pope, 16-282 (La.App. 3 Cir. 9/28/16), 201 So.3d 951, 961, writ denied, 16-1942 (La. 12/16/16), 212 So.3d 1172, where our brethren in another circuit found that even if a response is received within the statutory delay, one cannot escape the discretionary civil penalties if the response is "woefully inadequate.”

. However, we note that it is unclear under the penalty provision of LSA-R.S. 44:35E(1) whether any response, regardless of the truthfulness or completeness of the response, would be sufficient to defeat the civil penalty provision of the statute. Accordingly, this issue may merit legislative review.