**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2019 CA 1581**

**CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE**

**VERSUS**

**TORREY LEWIS**

**Judgment Rendered:** JUL 1 4 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 615965

Honorable Trudy M. White, Judge Presiding

* * * * * *

Torrey Lewis
Baton Rouge, Louisiana

Defendant/Appellant,
In Proper Person

Maimuna Dakubu Magee
Baton Rouge, Louisiana

Counsel for
Plaintiffs/Appellees,
City of Baton Rouge, Parish of
East Baton Rouge

* * * * * *

**BEFORE: WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.**

---

[1] The Honorable William J. Burris, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

This matter is before us on an appeal filed by defendant, Torrey Lewis, in proper person. It is not evident from the appeal record or briefs whether Mr. Lewis's appeal was taken from the February 15, 2017 judgment granting injunctive relief in favor of plaintiffs, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), as prayed for in plaintiffs' 2016 petition for injunctive relief, or the August 1, 2019 judgment holding Mr. Lewis in contempt for violating the February 15, 2017 judgment.

Nevertheless, after a thorough review of the record, we conclude, *sua sponte*, that the trial court lacked subject matter jurisdiction to enter judgments on February 15, 2017 and August 1, 2019. The trial court signed a final judgment on November 17, 2014, granting all relief prayed for in the City/Parish's original petition for injunctive relief filed in 2012. Therefore, the judgments subsequently rendered by the trial court on February 15, 2017 and August 1, 2019 are null and are hereby vacated, and this appeal is dismissed.

### FACTS AND PROCEDURAL HISTORY

The City/Parish filed a Petition for Preliminary and Permanent Injunction against Torrey Lewis in October 2012, asserting that Mr. Lewis was the owner/occupant of property located at 2310 Scenic Hwy, Baton Rouge, Louisiana and was operating a business on the premises in violation of the 2006 International Building Code adopted by the City/Parish Council in 2008. Specifically, the City/Parish alleged that Mr. Lewis was occupying a building or structure "without obtaining final inspections and the issuance of a certificate of occupancy by the East Baton Rouge Parish Building Official."

A hearing on the City/Parish's request for injunctive relief was held nearly two years later, on August 25, 2014. According to the court minutes, Mr. Lewis was present at the hearing and acknowledged that he was in violation of the Building Code adopted by the City/Parish Council and that a certificate of

occupancy was required. The minutes further state, "Mr. Lewis will go to the permit office and obtain the certificate of occupancy within thirty days and to have final inspections." A judgment from the August 25th hearing was signed on November 17, 2014 and provides:

> ...The Court considering the stipulation of the parties rendered judgment as follows:
>
> IT IS ORDERED that the rule be made absolute, and accordingly a writ of injunction issue herein, enjoining and prohibiting the defendant, Torrey Lewis, from violating the 2006 International Building Code by failing to obtain a certificate of occupancy for 2310 Scenic Hwy.
>
> IT IS FURTHER ORDERED that defendant, Torrey Lewis is to apply and obtain a certificate of occupancy and have final inspections in regards to a car repair and storage facility at said location within thirty(30)days or by September 25, 2014 and that defendant be cast for all costs of these proceedings.

Since both parties agreed to the terms of the judgment, neither was entitled to an appeal, and the judgment became final. La. Code Civ. P. art. 2085. See also La. Civ. Code art. 1853, which provides that a judicial confession is a declaration made by a party in a judicial proceeding, which constitutes full proof against the party who made it.

In July 2016, the City/Parish filed another petition in the same suit, setting forth new factual allegations against Mr. Lewis and seeking different injunctive relief. According to the 2016 petition, Mr. Lewis was violating certain City/Parish ordinances by operating an afterhours club at 2310 Scenic Hwy and by serving alcohol without a license, playing "very loud music" between the hours of 2:00 am and 6:00 am, and parking on the curb, in front of private driveways and front yards of private homes. The 2016 petition also alleged that Mr. Lewis failed "to obtain a certificate of occupancy issued by the Building Official for any change in the use of occupancy of land, existing building or any new building."

A hearing on the City/Parish's 2016 petition for injunctive relief was held on February 6, 2017. According to the court minutes, counsel for the City/Parish and

3

a curator appointed to represent Mr. Lewis, who could not be located, were present.[2] This is also reflected in the judgment signed on February 15, 2017, which further states, "IT IS ORDERED that the rule be made absolute and accordingly, a writ of injunction issued herein, enjoining and prohibiting" Mr. Lewis from violating various ordinances by continuing the complained-of conduct and by failing to obtain a certificate of occupancy for a change in the building's use.

Thereafter, on March 29, 2019, the City/Parish filed a Rule for Contempt, alleging that Mr. Lewis failed to comply with the February 2017 judgment by continuing to operate an afterhours club at 2310 Scenic Hwy.[3] A hearing on the Rule for Contempt was held on July 8, 2019. The transcript from this hearing is not contained in the record; however, the court minutes and judgment indicate that Mr. Lewis was present. The minutes also reflect that the trial court heard testimony before ruling from the bench, finding Mr. Lewis in contempt for violating the February 2017 judgment.[4] The contempt judgment, signed on August 1, 2019, reflects that the court ordered Mr. Lewis to "cease and desist any and all operation of an afterhours club" and sentenced him to "two (2) weeks in the East Baton Rouge Parish Prison." The sentence was suspended but "will be immediately executed and implemented," if Mr. Lewis, at any time, operates an "afterhours club" on the property at issue.

On July 8th, the same day as the contempt hearing, Mr. Lewis filed a Motion to Nullify Petition wherein he admitted that he owns the building at 2310 Scenic Hwy, but maintained that the building is leased to a third party that he does not

---

[2] A curator was appointed to represent Mr. Lewis on October 24, 2016, after the East Baton Rouge Parish Sheriff and a private process server appointed by the court were unable to locate Mr. Lewis for service and citation of the 2016 petition. The curator was also unable to locate Mr. Lewis despite a "diligent search."

[3] The Rule for Contempt incorrectly refers to the judgment signed on February 6, 2017. Although the hearing on the City/Parish's 2016 petition was held on February 6, 2017, the relevant judgment was signed on February 15, 2017.

[4] Like the Rule for Contempt, the judgment signed on August 1, 2019 incorrectly states that Mr. Lewis was in violation of the judgment dated February 6, 2017.

represent. Mr. Lewis denied that he or the tenant sold alcohol on the premises, stated that the property was in compliance with the Building Code, and further asserted that he was not served with notice of the hearing that resulted in the February 2017 judgment. The record contains an order signed by the trial court on July 10, 2019, which appears to relate to Mr. Lewis's Motion to Nullify Petition; however, it does not set the matter for hearing or otherwise dispose of the motion.[5] Thus, it appears the motion is still pending.

Mr. Lewis also filed a Motion for Appeal on July 8th; however, he failed to identify the judgment from which he sought appellate review. The order granting the appeal, signed on July 13, 2019, likewise does not identify the judgment being appealed, but the notice of appeal issued by clerk of the Nineteenth Judicial District Court indicates that the appeal is from the judgment rendered on February 15, 2017.

On November 27, 2019, this court, *ex proprio motu*, issued an order directing the parties to show cause why the appeal should not be dismissed because it appears untimely (if taken from the February 15, 2017 judgment) and/or was taken from a non-appealable judgment (if taken from the order on the Motion to Nullify Petition).[6] Both parties responded, and the appeal was maintained by a separate panel of this court by action dated February 18, 2020. **City of Baton Rouge / Parish of East Baton Rouge v. Torrey Lewis**, 2019-1581 (La. App. 1st Cir. 2/18/2020), (unpublished).

---

[5] The relevant order provides:

**ORDER**
**a Rule to Show Cause why the judgment rendered on**

IT IS ORDERED that ~~judgment rendered on the 6th day of February 2017 be cancelled.~~
**2-6-17 should not be cancelled. Said hearing to be held on the _____ day of _____, 2019.**
Thus done and ordered This ___10___ day of ___July___, 2019.

[6] On review, we also note that the trial court granted the City/Parish's Rule for Contempt at the conclusion of the July 8th hearing. Presumably unaware that the appeal delay did not begin to run until the clerk of court mailed notice of judgment, Mr. Lewis may have also intended to appeal this ruling. See La. Code Civ. P. arts. 1915(A)(6), 1913, 2087, 2123.

After our thorough review of the record, we find the appeal should be dismissed for reasons not set forth in the show cause order.

## JURISDICTION

Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. Code Civ. P. art. 2. Subject matter jurisdiction cannot be conferred by consent of the parties or waived, and a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. Code Civ. P. arts. 3 and 2002(A)(3); **Katz v. Progressive Security Ins. Co.**, 2015-0391 (La. App. 1st Cir. 11/9/15), 2015 WL 6951256, *3 (unpublished).

Louisiana Code of Civil Procedure art. 2164 gives the appellate court authority to "render any judgment which is just, legal, and proper upon the record on appeal." The Louisiana Supreme Court has held that an appellate court has the authority to consider an issue even when there is no assignment of error. **Merrill v. Greyhound Lines, Inc.**, 2010-2827 (La. 4/29/11), 60 So.3d 600, 601.[7] Subject matter jurisdiction is a threshold issue, and it is the duty of a court to examine subject matter jurisdiction *sua sponte*, even when the issue is not raised by the litigants. Thus, the question of whether subject matter jurisdiction exists may be considered at any time, even by an appellate court on its own motion, at any stage of an action. Whether a court has subject matter jurisdiction raises a question of law, which is reviewed *de novo*. **Katz**, 2015 WL 6951256, at*3.

The minutes from the August 25, 2014 hearing reflect that the matter was before the court on the City/Parish's request for injunctive relief made in its October 2012 petition. In this petition, the City/Parish sought to enjoin Mr. Lewis

---

[7] Additionally, Rule 1.3 of the Uniform Rules of the Courts of Appeal provides that the court of appeal "will review only issues which were submitted to the trial court and which are contained in specification or assignments of error, *unless the interest of justice clearly requires otherwise.*" [Emphasis added].

from violating the Building Code by operating a business at 2310 Scenic Hwy without obtaining a certificate of occupancy and final inspections. This is precisely the relief granted by the November 17, 2014 judgment. By agreement of the parties, Mr. Lewis was enjoined from operating a business at 2310 Scenic Hwy in violation of the Building Code by failing to obtain a certificate of occupancy. Mr. Lewis was ordered to obtain the required certificate and to have final inspections within thirty days. Thus, the City/Parish was granted all the relief it prayed for in its October 2012 petition, and no additional claims remained.[8]

A judgment that determines the merits in whole or in part is a final judgment. La. Code Civ. P. art. 1841. A valid and final judgment is conclusive between the same parties, except on appeal or other direct review. La. R.S. 13:4231; **Levert v. University of Illinois at Urbana/Champaign ex rel. Board of Trustees**, 2002-2679 (La. App. 1st Cir. 9/26/03), 857 So.2d 611, 616, writ denied, 2003-2994 (La. 1/16/04), 864 So.2d 635.

**Levert** involved two consolidated suits brought by the Landeche plaintiffs and the Levert plaintiffs. Relevantly, the Landeche plaintiffs sought injunctive relief against the Board of Trustees of the University of Illinois and others after the University's Athletic Ticket Office failed to deliver tickets ordered by the plaintiffs for the 2002 Nokia Sugar Bowl. The Landeche plaintiffs sought mandatory injunctive relief instructing the Board to produce the tickets they ordered.[9] **Id.** at 614. On January 9, 2002, the trial court signed an order granting the Landeche plaintiffs' request for injunctive relief and awarding each the number of tickets

---

[8] Further, the portion of the November 17, 2014 judgment that orders Mr. Lewis to apply for and obtain a certificate of occupancy and to have final inspections completed within a specified time is a mandatory injunction, which this court has recognized has the same effect as a permanent injunction. **Deshotels v. White**, 2016-0889 (La. App. 1st Cir. 8/16/17), 226 So.3d 1211, 1218, writ denied, 2017-1565 (La. 12/5/17), 231 So.3d 628.

[9] The Landeche plaintiffs alternatively prayed for compensatory damages resulting from the Board's alleged breach of contract. However, because these plaintiffs were awarded all of the tickets they sought, the trial court did not consider the request for alternative relief. **Id.** at 614-16.

they ordered. Then, in March 2002, the Landeche plaintiffs filed an amending and supplemental petition to substitute six new plaintiffs in place of the originally named plaintiffs and to set forth breach of contract claims against the Board. **Id.** at 616.

On appeal from the trial court's September 2002 judgment granting the Board's exception and motion to dismiss, this court concluded that the trial court lacked subject matter jurisdiction over the Landeche proceeding after entering the January 9, 2002 order. Because the order resolved all issues presented by these plaintiffs, it was a final judgment. **Id.** at 616. Consequently, the Landeche plaintiffs' amended petition and the September 2002 judgment in favor of the Board were without effect.[10] Generally, once a final judgment has been rendered, there can be no amended petition because there is no longer a petition before the court to amend. Likewise, after the January 9, 2002 order was signed, the court had no jurisdictional authority to rule on either the exception or the motion to dismiss filed by the Board. **Id.** at 616-17. See also **In Re: Medical Review Panel of Henrietta Houck v. Baton Rouge General Medical Center, et al**, 2019-1154 (La. App. 1st Cir. 7/6/20), 2020 WL 3638159 (unpublished), (finding the trial court no longer had subject matter after signing an order of dismissal, dismissing the plaintiff's suit with prejudice).

As in **Levert**, the trial court's November 17, 2014 judgment resolved all issues presented by the City/Parish in its October 2012 petition. Once the final judgment was rendered, the trial court lacked subject matter jurisdiction to act in this proceeding. The City/Parish was required to file a new suit against Mr. Lewis to obtain the relief sought in its July 2016 petition. See **Johnson v. University Medical Center in Lafayette**, 2013-0040 (La. 3/15/13), 109 So.3d 347, 349

---

[10] One of the plaintiffs in the Levert suit did not receive all of the tickets she requested; thus, her claim for alternative relief for breach of contract damages remained viable after the January 2002 order. Therefore, the court maintained subject matter jurisdiction over the Levert suit. **Id.** at 617-18.

("When an action has been dismissed by final judgment, that action is at an end, and a plaintiff cannot thereafter assert new allegations or demands in that proceeding; the plaintiff's remedy is to file a new and separate suit.") See also **Northwest St. Tammany Civic Association v. St. Tammany Parish**, 2011-0461 (La. App. 1st Cir. 11/9/11) 2011 WL 5410169, *6 (unpublished) (noting there is no provision in the Code of Civil Procedure that authorizes the filing of a new petition in the same suit after the signing of a final judgment.)

Thus, the judgments rendered by the trial court on February 15, 2017 and August 1, 2019, after it lost jurisdiction over this matter, are null and invalid. Furthermore, a motion for appeal from an invalid judgment is considered untimely, and this court lacks jurisdiction to hear an untimely appeal. **Levert**, 857 So.2d at 617. Consequently, this court has no jurisdiction to review the trial court's invalid judgments rendered after November 17, 2014.

## CONCLUSION

For the reasons set forth above, the judgments rendered by the trial court on February 15, 2017 and August 1, 2019 are null and are hereby vacated, and this appeal is dismissed. Costs of this appeal in the amount of $871.00 are assessed against appellees, the City of Baton Rouge and Parish of East Baton Rouge.

**JUDGMENTS VACATED; APPEAL DISMISSED.**