**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1527

C H H

COLBY S. HARRINGTON

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE AND
ANDREA BEAUCHAMP CARROLL

Judgment Rendered: **SEP 2 9 2022**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 691612

Honorable Ronald R. Johnson, Judge Presiding

* * * * *

Mark A. Harrington
Benton, LA

Attorney for Plaintiff-Appellant,
Colby S. Harrington


Guice A. Giambrone, III
Craig R. Watson
Amanda M. Plaiscia
Jeremy D. Rush
Metairie, LA
-and-
Carlton "Trey" Jones, III
Johanna A. Posada
Baton Rouge, LA

Attorneys for Defendants-Appellees,
Board of Supervisors of Louisiana State
University and Agricultural and
Mechanical College, Andrea
Beauchamp Carroll, Thomas C.
Galligan, P. Raymond Lamonica, and
Alexander Timothy Griffin

Whipple, C.J. concurs for the reasons assigned by Judge Chutz
by CHH

Chutz, J. concurs with reasons by CHH

Antonio M. "Tony" Clayton
Michael P. Frugé
Port Allen, LA
-and-
Andy Dupre
New Orleans, LA
-and-
Kyle Findley
Houston, TX

Attorneys for Defendant-Appellee,
Claire Elizabeth Traver

\* \* \* \* \*

BEFORE:  WHIPPLE, C.J., CHUTZ, AND HESTER, JJ.

**HESTER, J.**

This is an appeal by plaintiff, Colby S. Harrington, from the trial court's judgment denying his motion for reconsideration and/or rehearing, sustaining the peremptory exception raising the objection of no cause of action raised by defendants, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Andrea Beauchamp Carroll, Thomas C. Galligan, P. Raymond Lamonica, and Alexander Timothy Griffin, and dismissing Mr. Harrington's claim for a mandatory preliminary injunction. For the reasons that follow, we affirm in part, reverse in part and remand.

## FACTS AND PROCEDURAL HISTORY

Mr. Harrington was a law student at the Louisiana State University Law Center ("Law Center") in the spring semester of 2018 when administrators at the Law Center became aware of academic cheating allegations. According to a law student's report to administrators, Mr. Harrington and another law student stole copies of unadministered examinations from faculty offices. Independently, but at the same approximate time, Law Center staff discovered two "keystroke loggers"[1] that were installed on computers at the Law Center, including one on the computer of the administrative assistant to several of Mr. Harrington's professors. Upon discovering the keystroke loggers, a motion-activated camera was installed in the administrative assistant's office, and that same night, the camera recorded a series of still images of a person in a hooded sweatshirt breaking into the locked office. The intruder's identity could not be determined from the still images; however, video

---

[1] A keystroke logger is a small physical device that resembles a jump drive storage device. It plugs into a USB port on a computer, after which it records all the keystrokes made on that computer, including login credentials of anyone using that computer. Once the keystroke logger has been retrieved, a person who is not authorized to use the computer can extract the login credentials of authorized users from the keystroke logger, thereby gaining unauthorized access to the computer network.

footage from another area within the Law Center confirmed Mr. Harrington was inside the Law Center that night, after hours.

Law Center administrators, including Associate Dean Andrea Beauchamp Carroll (Professor Carroll), investigated the allegations during the spring and summer of 2018. At the beginning of the fall semester in 2018, LSU initiated formal disciplinary proceedings against Mr. Harrington and sent a formal written complaint notifying Mr. Harrington of the charges against him. Prior to the disciplinary hearing, LSU provided Mr. Harrington with a list of anticipated witnesses and evidence as well as copies of documentary evidence to be used by LSU at the hearing.

Mr. Harrington's disciplinary hearing was held on October 15, 2018, before a panel of three law students and two law faculty members. Mr. Harrington was represented by an attorney who was allowed to examine witnesses at the hearing and to present testimony and evidence on behalf of Mr. Harrington. During the hearing, the panel heard from Mr. Harrington, Law Center faculty and professors, the administrative assistant whose office was broken into, Dean Thomas Galligan, and other Law Center students (including Claire Elizabeth Travor). The panel was also presented with certain text messages discussing allegations of Mr. Harrington's cheating, Mr. Harrington's Law Center transcript, and a multitude of documents relating to these professors' final examinations: previously administered and not circulated exams, and exams for the semester in question, along with Mr. Harrington's answers thereto. Thereafter, the panel unanimously found Mr. Harrington violated the Law Center's Code of Student Professional Responsibility and recommended Mr. Harrington be expelled from the Law School. The panel issued its report on November 1, 2018. Mr. Harrington's attorney submitted a response to the report and recommendation and on December 10, 2018, the Law Center's Dean designee, Raymond Lamonica, upheld Mr. Harrington's expulsion,

but nonetheless ruled Mr. Harrington could apply for readmission after twelve months.

On December 10, 2019, Mr. Harrington filed suit against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") and Professor Carroll in connection with his expulsion from the Law Center, raising claims based on breach of contract, due process violations, fraud, negligence, abuse of rights, and intentional interference of contract. Mr. Harrington also asserted claims for preliminary and permanent mandatory injunctive relief and judicial review of a final agency decision under the Louisiana Administrative Procedure Act, La. R.S. 49:950, *et seq.* The petition alleged that, after allegations of cheating swirled around the Law Center, Professor Carroll felt pressure to find a culprit and adopted the unsubstantiated claims of two students, one a rival classmate, the other, Mr. Harrington's ex-girlfriend, to incriminate Mr. Harrington in the cheating scandal. He further alleged that the pressure Professor Carroll was under caused her to be biased in her investigation against him, building a case without actual evidence to show that he cheated.

On August 5, 2020, Mr. Harrington filed a motion and order to set an evidentiary hearing on his claim for mandatory preliminary injunctive relief. LSU and Professor Carroll objected to setting the matter for hearing, asserting that the trial court did not have legal authority to grant Mr. Harrington a mandatory preliminary injunction and citing **Deshotels v. White**, 2016-0889 (La. App. 1st Cir. 8/16/17), 226 So.3d 1211 (*en banc*), writ denied, 2017-1565 (La. 12/5/17), 231 So.3d 628. Nevertheless, the trial court issued an order setting Mr. Harrington's mandatory preliminary injunction for a full evidentiary hearing.

At the hearing, the trial court heard arguments of the parties and received testimony and documentary evidence. The matter was taken under advisement, and the trial court later issued its ruling in open court. Indicating that the matter was

5

heard on "judicial review of a final agency decision," the trial court ruled that the "proceeding conducted [by LSU] denied plaintiff appellant's rights to due process in that such proceeding was not conducted with proper notice, opportunity to be heard, and have exhibits of evidence presented before the proceeding and before an arbiter who is neutral and fair." The trial court further stated that LSU sought to expel Mr. Harrington based on no evidence, and only offered an opportunity to apply for readmission one year after expulsion, which LSU had summarily denied. Accordingly, the trial court ordered that the enforcement of the administrative decision of expulsion be stayed and that the parties review Mr. Harrington's application for readmission or conduct a full and fair trial on the administrative level with rights of due process. The court also dismissed Mr. Harrington's "application for mandatory injunction."

The trial court ultimately signed a partial judgment on September 23, 2020, reducing its oral ruling to writing, stating, in pertinent part, that "the application for preliminary mandatory injunction is DISMISSED." Mr. Harrington did not seek appellate review of the trial court's ruling on his request for a mandatory preliminary injunction.[2] Instead, on November 18, 2020, Mr. Harrington filed a motion for reconsideration and/or rehearing of the September 23, 2020 ruling on the mandatory preliminary injunction, which LSU opposed.

Mr. Harrington also obtained leave of court on November 18, 2020 to file an amended and supplemented petition. The amended petition consisted of 564 numbered paragraphs, and named additional defendants, including LSU Interim President Thomas C. Galligan, Law Center Professor P. Raymond Lamonica, Claire

---

[2] LSU sought supervisory review of the portion of the September 23, 2020 ruling staying the enforcement of the administrative decision of expulsion and ordering the parties to review Mr. Harrington's application for readmission or conduct a full and fair trial on the administrative level with rights of due process, and this court reversed the trial court's ruling. **Harrington v. Board of Supervisors of Louisiana State University & Agricultural & Mechanical College**, 2020-1012 (La. App. 1st Cir. 12/14/20), 2020 WL 7333455 (unpublished writ action).

Elizabeth Traver, and Alexander Timothy Griffin. In the amended petition, Mr. Harrington requested that, "after an evidentiary hearing," the trial court issue a mandatory preliminary injunction against LSU ordering it to rescind his expulsion, reinstate him at LSU as a student in good standing without any expulsion noted on his transcript or record, issue a letter of good standing to Mr. Harrington, permit Mr. Harrington to complete the rest of his juris doctor degree, and make all classes available to Mr. Harrington so that he may complete all coursework required to graduate in the spring of 2021, pending further proceedings in this suit. Mr. Harrington further requested that a permanent mandatory injunction against LSU be issued after a full trial on the merits.

In response to Mr. Harrington's amended petition, LSU, Professor Carroll, LSU Interim President Galligan, Professor Lamonica, and Mr. Griffin (the "LSU Defendants") filed a consolidated pleading urging the following: (1) motion for sanctions pursuant to La. Code Civ. P. art. 863, contending that Mr. Harrington's "lawsuit cannot proceed until [Mr. Harrington] demonstrates there is evidentiary support for the reprehensible accusations contained in the Amended Petition" (italics removed); (2) motion to strike the amended petition pursuant to La. Code Civ. P. art. 964; (3) dilatory exception raising the objection of unauthorized use of summary proceedings and improper cumulation of actions, seeking to sever and dismiss Mr. Harrington's claim under the Louisiana Procedures Act; and (4) peremptory exception raising the objection of no cause of action, seeking to dismiss Mr. Harrington's mandatory preliminary injunction.

After a hearing was held on Mr. Harrington's motion for reconsideration and/or rehearing and the LSU Defendants' exception raising the objection of no cause of action the trial court took the matter under advisement. On October 8, 2021, the trial court issued an oral ruling, denying Mr. Harrington's motion for

reconsideration and/or rehearing and sustaining the LSU Defendants' exception raising the objection of no cause of action.

The trial court's ruling was reduced to writing and signed by the trial court on December 15, 2021, and Mr. Harrington appealed.[3] After this court examined the record, an interim order was issued, pointing out that the December 15, 2021 judgment sustained the exception raising the objection of no cause of action but lacked decretal language dismissing any and/or all of Mr. Harrington's claims. The matter was remanded to the trial court for the limited purpose of instructing the trial court to sign an amended judgment correcting the deficiency and complying with La. Code Civ. P. art. 1951. Subsequently, the record was supplemented with an amended judgment, signed by the trial court on March 28, 2022, in which Mr. Harrington's claim for mandatory preliminary injunction was dismissed with prejudice.

## LAW AND ANALYSIS

### *Preliminary Injunction*

A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. **Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1,** 2018-1759 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 957-58, *(en banc)*, writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. A preliminary injunction is issued in summary proceedings incidental to the main demand for permanent

---

[3] Mr. Harrington filed a motion and order for devolutive appeal on October 21, 2021, within fifteen days of the trial court's oral ruling issued on October 8, 2021. See La. Code Civ. P. art. 3612(C) ("An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment.") See also **Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1,** 2018-1759 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 958, *(en banc)*, writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. The trial court's oral ruling was ultimately reduced to writing and signed on December 15, 2021, curing any defect in the appeal taken prior to the judgment being signed. See **Overmier v. Traylor,** 475 So.2d 1094, 1094-95 (La. 1985) (concluding that an appeal of an oral ruling on a preliminary injunction granted before the signing of the judgment is subject to dismissal until the judgment is signed, but any previously existing defect in the appeal was cured once the judgment was signed by the trial court).

injunctive relief. **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa**, 2004-0270 (La. App. 1st Cir. 3/24/05), 906 So.2d 660, 664. Pursuant to La. Code Civ. P. art. 3602, a preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing assigned not less than two nor more than ten days after service of the notice.

A prohibitory preliminary injunction is one that seeks to restrain conduct and may be issued without the showing of irreparable injury in certain cases. **Deshotels**, 226 So.3d at 1218, n.9. Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a *prima facie* showing that the party will prevail on the merits of the case. **Concerned Citizens for Proper Planning, LLC**, 906 So.2d at 664.

A mandatory injunction commands a party to take specific action. **City of New Orleans v. Board of Directors of Louisiana State Museum**, 98-1170 (La. 3/2/99), 739 So.2d 748, 756. A mandatory preliminary injunction has the same basic effect as a permanent injunction. **Deshotels**, 226 So.3d at 1218. Accordingly, a mandatory injunction may not be issued on a merely *prima facie* showing that the party seeking the injunction can prove the necessary elements. Instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. **City of New Orleans**, 739 So.2d at 756.

Notwithstanding, this court stated that "[g]iven mandatory injunctions and prohibitory injunctions have different procedural rules and evidentiary burdens, one court even recognized, as do we, that *as a matter of law, it is not possible to issue a mandatory preliminary injunction.*" **Deshotels**, 226 So.3d at 1218. (Emphasis added.) See also **Hyman v. Puckett**, 2015-0930 (La. App. 4th Cir. 5/4/16), 193 So.3d 1184, 1189. Stated another way, "a mandatory injunction cannot, as a matter

9

of law, be a preliminary injunction." **Plantation Trace Development, LLC v. Scott**, 2018-1044 (La. App. 1st Cir. 6/25/19), 2019 WL 2612862, *4 (unpublished).

*Motion for Reconsideration and/or Rehearing*

The Louisiana Code of Civil Procedure does not provide for a motion to reconsider with respect to any judgment, and such a motion is generally treated as a motion for new trial.[4] **Harris v. Louisiana Department of Public Safety & Corrections**, 2019-1657 (La. App. 1st Cir. 8/3/20), 310 So.3d 211, 214. A trial court has much discretion in determining whether to grant a motion for new trial; however, the denial of a motion for new trial should not be reversed on appeal unless there has been an abuse of discretion.[5] **Wright v. Bennett**, 2004-1944 (La. App. 1st Cir. 9/28/05), 924 So.2d 178, 191. See also La. Code Civ. P. art. 1971.

In this appeal, Mr. Harrington maintains that the trial court legally erred in denying his motion for reconsideration and/or rehearing of the September 23, 2020 ruling on the mandatory preliminary injunction. However, we cannot say that the trial court abused its discretion in light of our pronouncement in **Deshotels**, 226 So.3d at 1218, that as a matter of law, it is not possible to issue a mandatory preliminary injunction. Accordingly, we do not find merit to Mr. Harrington's second, third, and fourth assignments of error.[6]

---

[4] Without approving the procedural vehicle utilized by Mr. Harrington, we attempt to do justice in reviewing the ruling of the trial court, which requires reliance on the Louisiana Code of Civil Procedure articles concerning motions for new trial.

[5] The denial of the motion for reconsideration and/or rehearing is an interlocutory and non-appealable ruling. See **McKee v. Wal-Mart Stores, Inc.**, 2006-1672 (La. App. 1st Cir. 6/8/07), 964 So.2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So.2d 583 (finding that the denial of a motion for new trial is an interlocutory and non-appealable judgment). However, the trial court's denial of Mr. Harrington's motion was incorporated into the same judgment and interrelated with the ruling dismissing his claim for mandatory preliminary injunction, which is appealable pursuant to La. Code Civ. P. art. 3612; therefore, it is appropriate to consider the interlocutory ruling. See **Stevens v. St. Tammany Parish Government**, 2016-0534 (La. App. 1st Cir. 1/18/17), 212 So.3d 568, 578.

[6] Having determined that the trial court did not abuse its discretion in denying the motion for reconsideration and/or rehearing, we pretermit those portions of Mr. Harrington's second, third, and fourth assignments of error concerning whether the trial court erred in declaring that it was "procedurally barred" from reviewing the September 23, 2020 denial of the mandatory preliminary injunction.

## No Cause of Action

In his first assignment of error, Mr. Harrington states that the trial court committed legal error in sustaining the LSU Defendants' peremptory exception raising the objection of no cause of action, finding that a mandatory preliminary injunction was not a valid cause of action. Notwithstanding the substantive arguments of the parties, we find merit in this assignment of error.

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). For purposes of the exception, all facts pled in the petition as well as facts shown in any documents annexed to the petition must be accepted as true. **Expert Riser Solutions, LLC v. Techcrane International, LLC**, 2018-0612 (La. App. 1st Cir. 12/28/18), 270 So.3d 655, 663. See also La. Code Civ. P. art. 854. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, appellate review of the trial court's ruling on an exception raising the objection of no cause of action is *de novo*. **Scheffler v. Adams and Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So.2d 641, 647. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. **Expert Riser Solutions, LLC**, 270 So.3d at 663.

Generally, an exception of no cause of action should not be maintained in part; the purpose of this general rule is to prevent a multiplicity of appeals that forces an appellate court to consider the merits of the action in a piecemeal fashion. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1236. If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of

action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate. **Id.** at 1239. However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate. **Id.**

In considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, the court must first determine whether: (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence; or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. **Everything on Wheels Subaru, Inc.,** 616 So.2d at 1242. If the former, then the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery; if the latter, then the court should maintain the exception in part. **Id.**

Here, Mr. Harrington's amended petition asserts several demands and theories of recovery based on a single cause of action arising out of one very complex transaction or occurrence. While the specific remedy sought in the form of a mandatory preliminary injunction may not be available to Mr. Harrington, the law affords some remedy based on the facts alleged in the amended petition and the facts shown in the documents annexed thereto, which are accepted as true for purposes of the exception. See **Deshotels,** 226 So.3d at 1218; see also **Expert Riser Solutions,**

12

LLC, 270 So.3d at 663. With more than one item of damages or theory of recovery arising out of a single transaction or occurrence, the trial court erred in rendering a partial judgment on the LSU Defendants' exception raising the objection of no cause of action to dismiss one item of damages or theory of recovery, *i.e.*, the mandatory preliminary injunction. See **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1239. See also **McGowan v. Ramey**, 484 So.2d 785, 791 (La. App. 1st Cir. 1986) (finding that an objection of no cause of action is not the proper procedural vehicle to eliminate an isolated claim of relief from consideration by the court and noting that if a court determines that a plaintiff is not entitled to certain relief, it can decline to give it). Accordingly, we find merit in Mr. Harrington's first assignment of error.

## CONCLUSION

Based on the above and foregoing, we affirm that portion of the trial court's March 28, 2022 amended judgment insofar as it denied plaintiff, Colby S. Harrington's motion for reconsideration and/or rehearing of the September 23, 2020 ruling on the mandatory preliminary injunction. We reverse that portion of the judgment sustaining the peremptory exception raising the objection of no cause of action filed by defendants, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Andrea Beauchamp Carroll, Thomas C. Galligan, P. Raymond Lamonica, and Alexander Timothy Griffin, and dismissing plaintiff's claim for mandatory preliminary injunction with prejudice. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal in the total amount of $13,961.00 are assessed equally, one-half against plaintiff Colby S. Harrington and one-half against defendants the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Andrea Beauchamp Carroll, Thomas C. Galligan, P. Raymond Lamonica, and Alexander Timothy Griffin.

## AFFIRMED IN PART; REVERSED IN PART; REMANDED.

HARRINGTON

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE ET AL

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1527

CHUTZ, J., concurring.

I disagree with the rationale set forth by the majority in its affirmance of the trial court's denial of the motion for reconsideration/rehearing filed by plaintiff-appellant, Colby Harrington, in which he sought a different result from the trial court's ruling on his request for a mandatory preliminary injunction against the defendants-appellees, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Andrea Carroll, Thomas Galligan, Raymond Lamonica, and Alexander Timothy Griffin. As the majority correctly points out, the Louisiana Code of Civil Procedure does not provide for a motion to reconsider/rehearing of a judgment rendered by the trial court. Instead, such a motion is generally treated as a motion for new trial. See *Whitney Bank v. Rayford*, 2021-0406 (La. App. 1st Cir. 12/9/21), 332 So.3d 1243, 1247 n.4.

Here, the trial court denied the requested mandatory preliminary injunction on September 23, 2020, and notice of judgment issued on September 25, 2020. It was not until November 18, 2020 that Harrington moved for rehearing/reconsideration of that ruling. The delay for filing a motion for a new trial is not later than seven days, exclusive of legal holidays, after the clerk has mailed notice of judgment. See La. C.C.P. art. 1974. Thus, Harrington's motion was untimely. See e.g., *Harris v. Louisiana Dep't of Pub. Safety & Corr.*, 2019-1657 (La. App. 1st Cir. 8/3/20), 310

So.3d 211, 214 (where a motion for reconsideration was untimely filed, it was without effect).

Furthermore, "[t]he articles regulating new trials (La. [C.C.P.] arts. 1971, et seq.) pertain to cases which have been tried on the merits, and the articles have no relation to interlocutory orders such as orders or judgments bearing on preliminary injunctions which are only rendered during the course of the proceeding and before final judgment." *Stevens Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1*, 2018-1759 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 959, writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650 (quoting *Morris v. Transtates Petroleum, Inc.*, 258 La. 311, 322, 246 So.2d 183, 187 (1971)). In light of this jurisprudence and the untimeliness of Harrington's pleading, I believe the trial court correctly denied the relief requested in the motion for reconsideration/rehearing.

Since Harrington has alleged two or more items of damages or theories of recovery arising out of the operative facts of a single transaction or occurrence, see *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1239 (La. 1993), I feel constrained to concur with the majority's conclusion that the trial court's partial judgment, sustaining the exception of no cause of action to dismiss only Harrington's claim for a mandatory preliminary injunction, was reversible error.

For these reasons, I concur.

2